301 P.2d 1026

Alvin W. MACKEY and Francis Antonio
Maldonado, Appellants,

v.

Lester SPANGLER, William Clark McGin-
nis and Earl Wayne Fackler, Appellees.

No. 6092.

Supreme Court of Arizona.

Oct. 2, 1956.

Hugh Caldwell and Barber, Lesher & Dees, Tucson, for appellants.

John C. Gung'l and Ray F. Harris, Tucson, for appellees.

WINDES, Justice.

Lester Spangler, William Clark McGinnis and Earl Wayne Fackler, appellees herein, filed complaint against Alvin W. Mackey and Francisco Antonio Maldonado, appellants herein, alleging in substance that plaintiffs were the owners of certain lode mining claims and a mill situated in Sinaloa, Mexico; that defendants with the intent to deceive and defraud plaintiffs falsely and fraudulently represented to Three Peaks Corporation that they were the sole owners and entitled to the possession of said claims and could sell and convey clear title thereto; that such representations were made for the purpose of cheating and defrauding plaintiffs of their interest in the property; that relying upon such representations the corporation executed an option to purchase the claims for the sum of $2,000,000 payable in instalments; that $1,000 was paid at the time of executing the contract, and the agreement was placed in escrow with the Valley National Bank in Tucson; and that $8,500 of the purchase price had been paid under the escrow and no part thereof was paid to the plaintiffs. It is further alleged that $1,000 of said amount was still in the hands of the bank, and the bank was garnisheed. The prayer was that the bank be restrained from delivering the last mentioned sum to the plaintiffs or either of them; that judgment be rendered against defendants Mackey and Maldonado establishing plaintiffs' rights in the claims; that plaintiffs have judgment against defendants to the extent of their respective interests in the

payments that had been made, and for such other relief as may be justified. Judgment was rendered for the plaintiffs and defendants appeal.

■ Defendants moved to dismiss the complaint upon the ground that it failed to state a claim upon which relief could be granted. A denial of this motion is the first basis for claiming error of the trial court. Defendants contend that the basis of the action is a fraud upon the purchaser of the property and the usual elements of fraud upon the plaintiff not having been alleged no claim is stated warranting relief to the plaintiffs. Under the new rules of procedure the test as to whether a complaint is sufficient to withstand a motion to dismiss is whether enough is stated therein which, if true, would entitle plaintiff to some kind of relief on some theory. The court should not grant a motion to dismiss unless it appears certain that the plaintiff would be entitled to no relief under any state of facts which is susceptible of proof under the claim as stated. Rule 8(a), Rules of Civil Procedure 1956, section 21–404, A.C.A. 1939; 2 Moore's Federal Practice, par. 8.13; 6 Moore's Federal Practice, par. 54.60. The purpose of the foregoing rule is to avoid technicalities and give the opponent fair notice of the nature and basis of the claim and indicate generally the type of litigation involved. 1 Barron & Holtzoff, section 255. . We have no difficulty in saying that, assuming the truth of the statements set forth in the complaint, the defendants obtained. and illegally retained funds belonging to the plaintiffs, and the defendants by the statements are given fair notice of the nature of the litigation. The court correctly denied the motion to dismiss.

■ It appears from the evidence that plaintiff Spangler made discoveries which resulted in the location of the claims involved; that pursuant to an arrangement between Spangler and defendant Mackey about April 1952, the latter was given a one-half interest in the event he found a purchaser satisfactory to both parties; that under Mexican law only a Mexican national' can make what is the equivalent under our law of mining locations; that defendant Maldonado was selected to make such location for which he was to be paid a. consideration of 10,000 Mexican pesos; and that under date of May 8, 1952 Maldonado gave defendant Mackey a document giving him the right to purchase the property within five years for the said sum of 10,000 pesos; that thereafter, under date of June 17, 1952, Spangler and Mackey entered into an agreement with the Three Peaks. Corporation whereby the corporation was given an option to purchase the property for $2,000,000; that in April 1953, Mackey by written instruments conveyed to the plaintiffs Fackler and McGinnis each a one-fourth interest in the property. On June 2, 1953, Mackey and Spangler gave

notice to the corporation of cancellation of the stated option with the notation thereon that they were willing to negotiate for a new contract. The following month Mackey secured from Maldonado a power of attorney to sell the claims involved herein and three days thereafter, defendant Mackey entered into the option to purchase agreement alleged in plaintiffs' complaint with the bank as escrow holder. Under the agreement Mackey as his attorney-in-fact agreed to sell for Maldonado as owner and there was paid $1,000 down and thereafter $8,500 to the bank. Of this latter sum, $1,095.22 had not been delivered to Mackey, the bank answering that it was holding the same for the defendant Mackey individually and as an attorney-in-fact for Maldonado. At the time the deal was made Mackey represented to the corporation that Maldonado was the owner of the property. No part of the monies received under the option had been paid to any of the plaintiffs.

Under the foregoing the court was fully justified in deciding that at the time defendant Mackey made and escrowed the deal with the bank, the plaintiffs owned the entire beneficial interest in the claims. The court was also justified in ruling that when Mackey received the funds through the escrow, he received the same as trustee for plaintiffs as the beneficial owners of the property, and as he had not accounted to the beneficiaries plaintiffs were entitled to judgment therefor. This was the theory upon which the court rendered its judgment in favor of the plaintiffs.

Defendants urge that the court erred in rendering judgment upon the trust theory for the reason that the complaint is bottomed upon fraud and not on the theory of trust. Under our present rules of civil procedure the plaintiffs are entitled to and the court should award them any relief which the evidence legitimately admitted under the pleadings allows under any theory, whether this be the theory advanced by the plaintiffs in their complaint. A complainant will not be denied legitimate relief merely because he might have misjudged the proper theory. If the facts legally proven under the pleadings entitled plaintiffs to relief under any theory, the court should award the same. Rule 54(d), Rules of Civil Procedure 1956, section 21–1203, A.C.A.1939; 6 Moore's Federal Practice, par. 54.60; Hamill v. Maryland Cas. Co., 10 Cir., 209 F.2d 338; Aktiebolaget Bofors v. United States, 90 U.S.App. D.C. 92, 194 F.2d 145.

Defendants complain that the court admitted over objection certain written documents and oral testimony concerning the same. An examination of these documents and the testimony reveals that they all concern the deals between the plaintiffs and defendants with relation to the claims and the circumstances under which plaintiffs acquired their respective interests.

They also tend to show a recognition by the defendants of plaintiffs' beneficial interests. Under the documents and oral testimony admitted without objection the judgment was justified and there was nothing in the evidence admitted over objection that could prejudice the defendants.

Constructive service by publication only was made upon defendant Maldonado, a resident of Mexico, and embodied in his answer to the merits was a motion to dismiss as to him upon the ground that the court had no jurisdiction over the person of the defendant. This motion was denied and the final judgment of the court not only disposed of this defendant's purported interest in the res held by the garnishee-bank but rendered a personal judgment against this defendant for the deficiency after the funds in the bank were applied on the total judgment. Our view is that the court committed error in rendering the personal judgment against Maldonado. Apparently, the learned trial judge had in view the rule which existed prior to the present rules of civil procedure that by making a general appearance the defendant waived the matter of jurisdiction over his person. Under the existing rules no such waiver may be invoked against a defendant. He may join this motion with an answer on the merits without subjecting himself to the court's jurisdiction over his person. D. W. Onan & Sons v. Superior Court, 65 Ariz. 255, 179 P.2d 243. Appellees contend that this defendant in his amended answer sought affirmative relief and that under such circumstances, he had submitted himself to the court's jurisdiction. All the amended answer contains is an additional affirmative defense not included in the original answer and prays that judgment be entered in favor of defendant. We think there is nothing in this amended answer that constitutes a waiver of his objection to jurisdiction over his person.

There are other assignments of error but they merely raise in different form the legal questions heretofore discussed.

The judgment is reversed with directions to vacate and set aside the personal judgment against defendant Maldonado. Otherwise, the judgment is affirmed.

LA PRADE, C. J., and UDALL, PHELPS and STRUCKMEYER, JJ., concur.