359 P.2d 751

**BUILDERS FINANCE CO., a Corporation, Dennis Hogland and William H. Glass, Appellants,**

v.

**Kenneth A. HOLMES and Ruby E. Holmes, his wife, Appellees.**

No. 6723.

Supreme Court of Arizona.

March 2, 1961.

Rehearing Denied April 4, 1961.

**158**

Minne & Sorenson, Scott, Cavness & Yankee, Phoenix, for appellants.

John A. McGuire, Yuma, Kramer, Roche, Burch & Streich, Phoenix, for appellees.

LOCKWOOD, Justice.

This is an appeal from an order of the Superior Court sustaining a motion to dismiss the plaintiffs' complaint as to the defendants Kenneth A. Holmes and Ruby E. Holmes and from a judgment entered thereafter dismissing it. The order and judgment were both based upon the grounds that the complaint failed to state a claim upon which relief could be granted as to defendants Holmes. Plaintiffs are appellants and defendants Holmes are appellees.

Appellants assign as error the court's granting of the motion to dismiss and entering of final judgment dismissing the amended complaint, upon the basis that the complaint was sufficient and was not subject to a motion to dismiss.

The plaintiffs filed a complaint against Kenneth A. Holmes and Ruby E. Holmes, Charles A. Heuser, R. A. Garnett, Maurice R. Tanner, and G. S. Tanner, joint adventurers dba Tanner-Heuser and Garnett, as defendants. The defendants Holmes filed a motion to dismiss the complaint as to them on the ground that it did not state a claim upon which relief could be granted, and the motion was sustained with leave to the plaintiffs to amend. This they did. Defendants Holmes thereupon filed a similar motion to dismiss the amended complaint. The court, after hearing, sustained this motion with leave to amend. Plaintiffs elected to stand on their amended complaint, and the trial court thereupon sustained the motion to dismiss and entered judgment dismissing the complaint as to the defendants Holmes.

Plaintiffs apparently based their action upon the theory of a breach of a memorandum agreement by the defendants, and advance three propositions of law in support of the sufficiency of the complaint. They are: "(I) A pleading seeking affirmative relief is sufficient as against a motion to dismiss for failure to state a claim if it contains a short and plain statement of the claim and shows that the pleader is entitled to relief. (II) A motion to dismiss should not be granted unless it appears certain that the plaintiff would be entitled to no relief under any state of facts which

is susceptible of proof under the claim as stated. (III) A complaint for breach of contract is sufficient against a motion to dismiss if it alleges the making of the contract, the obligation assumed under such contract, the breach of the contract, and a statement of the amount claimed as a result of such breach." With these propositions we are in accord, but we cannot agree that the complaint complies with them.

The amended complaint, in brief, alleges: That plaintiff Builders Finance Co. (hereafter referred to as plaintiff corporation) and defendants Kenneth A. Holmes and Ruby E. Holmes in July, 1955, entered into a trust agreement for the development of real property; that certain other defendants, Tanner-Heuser and Garnett, (not involved in this appeal) were associated as joint adventurers for the purpose of performing improvement work on the real property; that in May, 1956, plaintiff corporation "and *the defendants*" for the purpose of furthering the trust agreement, entered into a memorandum agreement for the construction of certain improvements upon the real property; that the improvements, according to the recitals and provisions of the memorandum agreement, were to be performed by the defendants Tanner-Heuser and Garnett; that plaintiff corporation transferred a portion of its interest in the trust agreement and memorandum agreement to the other plaintiffs named in the amended complaint (who are also appellants); that after the commencement of the improvement work the defendants Holmes "objected to the remaining improvements being performed" and "announced they would not be bound by the terms and provisions of the memorandum agreement"; that "by reason of the acts of the defendants Holmes" just mentioned, the defendants Tanner-Heuser and Garnett, without legal excuse therefor, refused to complete the improvement work, and that "as a direct and proximate result of the breach of the memorandum agreement by *the defendants*" the plaintiffs had been damaged.

Do the foregoing allegations make a short and plain statement of the claim, showing that the pleader is entitled to relief? We think not. Plaintiffs cite Mackey v. Spangler, 81 Ariz. 113, 301 P.2d 1026, 1027, in which the court said:

"* * * Under the new rules of procedure the test as to whether a complaint is sufficient to withstand a motion to dismiss is whether enough is stated therein which, if true, would entitle plaintiff to some kind of relief on some theory. The court should not grant a motion to dismiss unless it appears certain that the plaintiff would be entitled to no relief under any state of facts which is susceptible of proof under the claim as stated. Rule 8(a),

Rules of Civil Procedure 1956, section 21–404, A.C.A.1939; 2 Moore's Federal Practice, par. 8.13; 6 Moore's Federal Practice, par. 54.60. The purpose of the foregoing rule is to avoid technicalities and give the opponent fair notice of the nature and basis of the claim and indicate generally the type of litigation involved. 1 Barron & Holtzoff, section 255."

The amended complaint in the instant case in effect states that plaintiffs, defendants Holmes, and the other defendants entered into a memorandum agreement, and that the other defendants were obligated under the agreement to perform certain improvements. It further alleges a breach of the memorandum agreement by *the defendants,* but nowhere in the amended complaint is there any allegation of an obligation or duty running from defendants Holmes to the plaintiffs under the memorandum agreement. Certainly in the absence of an allegation regarding such a duty or obligation, no facts could be adduced to prove that any existed. Nor could defendants Holmes have any notice of the nature and basis of the breach of a duty which was not pleaded.

Plaintiffs cite 2 Moore's Federal Practice, Par. 8.13, wherein there is a thorough discussion of the meaning and purpose of Rule 8, Rules of Civil Procedure, 16

A.R.S., emphasizing that "the modern philosophy concerning pleadings is that they do little more than indicate generally the type of litigation that is involved. A generalized summary of the case that affords fair notice is all that is required." Id. at page 1649. The discussion however is concerned chiefly with the necessity for giving "fair notice of the claim asserted so as to enable the adverse party to answer and prepare for trial, to allow for the application of the doctrine of res judicata, and to show the type of case brought, so that it may be assigned to the proper form of trial." Ibid. The treatise indicates that the effect and purpose of Rule 8 is to relieve the courts of "the morass of decisions as to whether a particular allegation is one of fact, evidence, or law." Id. at page 1647. However, plaintiffs have overlooked the further statement that "the pleading still must state a 'cause of action' in the sense that it must show 'that the pleader is entitled to relief'; it is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." Id. page 1653.

Plaintiff cites Wadin v. Czuczka, 16 Ariz. 371, 146 P. 491, 493, as authority for

determining the sufficiency of a complaint based upon a breach of contract wherein this court said "in a case of this character it is only necessary to state the making of the contract, *the obligation thereby assumed,* and the breach, superadding a statement of the amount claimed and a prayer for judgment. If such facts appear by direct averment, or by a necessary and unavoidable inference from the facts stated, it should be upheld." (Emphasis supplied).

Applying plaintiffs' proposition of law to the amended complaint we find: 1. The pleading does not contain an allegation of any kind showing that the plaintiffs are entitled to relief of some nature against the defendants Holmes. 2. Under the amended complaint, plaintiffs would not be entitled to adduce any facts showing an obligation or duty running from defendants Holmes to the plaintiffs under the memorandum agreement. 3. The amended complaint fails to show in any manner an obligation as between the plaintiffs and the defendants Holmes which was assumed under the memorandum agreement.

For the foregoing reasons, the order and judgment appealed from are affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and JENNINGS, JJ., concur.