362 P.2d 741

Russell F. LONG, Appellant,

v.

ARIZONA PORTLAND CEMENT COMPA-
NY, Walter H. Coleman, G. L. Gibbons,
dba Arizona Cement Transportation Co.,
and M Corporation, N Partnership, John
Doe I, John Doe II, and John Doe III,
Appellees.

No. 6717.

Supreme Court of Arizona.

June 15, 1961.

Hughes & Steward, Phoenix, for appellant.

Boyle, Bilby, Thompson & Shoenhair, and McCarty, Chandler, Tullar & Udall, Tucson, for appellees.

LOCKWOOD, Justice.

This is an appeal from an Order of the Superior Court of Maricopa County granting defendants' motions to dismiss the complaint for failure to state a claim, pursuant to 16 A.R.S. Rules of Civil Procedure, Rule 12(b), subd. 6. Plaintiff, hereinafter referred to as "plaintiff," brought suit against defendant Arizona Portland Cement Company and defendant Arizona Cement Transportation Co., hereinafter referred to as "Cement Company" or "Transportation Co.", under A.R.S. §§ 44-1401 et seq., which relate to combinations in restraint of trade.

Plaintiff's complaint alleged, in substance, that plaintiff was a duly licensed general contractor who, on various occasions, needed sack and bulk cement and who was financially able to pay for any cement purchased. The complaint further stated that defendant Cement Company was and is engaged in the manufacture of bulk and sack cement for sale in Arizona, and that defendant Transportation Co. was and is a certificated common carrier in Arizona, actively engaged in the transportation of bulk and sack cement throughout the state. The complaint asserted that on several specified occasions plaintiff purchased sack cement from defendant Cement Company for his own use at jobs located throughout Arizona. There were further allegations that plaintiff possessed a truck licensed for the transportation of such cement but that defendant Cement Company refused to permit the transportation of such cement on plaintiff's truck; that plaintiff then engaged the services of a common carrier of construction materials licensed by the Arizona Corporation Commission to haul such cement, but that defendant Cement Company refused to sell or load such cement on the licensed vehicle which plaintiff had hired. The complaint concluded by stating that the refusal of defendant Cement Company to sell cement to plaintiff except on the condition that he use the transportation service of defendant Transportation Co. amounted to a "conspiracy and plan to regulate the transportation" of such cement and that these conditions resulted in damage to plaintiff because he was forced to pay more for transportation of the cement than he would have paid had he been permitted to use his own or a hired truck.

The sole question presented by this appeal is whether the complaint, assuming all well-pleaded facts to be true and indulging in all inferences which reasonably may be drawn therefrom, sets forth facts sufficient to state a claim. In re Cassidy's Estate, 77 Ariz. 288, 270 P.2d 1079. This Court and the United States

Supreme Court have recently held that the test as to whether a complaint is sufficient to withstand a motion to dismiss is whether enough is stated therein which, if true, would entitle plaintiff to some kind of relief on some theory, and the court should not grant a motion to dismiss unless it appears certain that plaintiff would be entitled to no relief under any state of facts which is susceptible of proof under the claim as stated. Builders Finance Co. v. Holmes, 89 Ariz. 157, 359 P.2d 751, 752; Mackey v. Spangler, 81 Ariz. 113, 301 P.2d 1026; Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80.

■■■ The statutory provisions upon which the complaint before us is bottomed are extremely broad in their scope. The relevant portions of A.R.S. § 44–1401 read as follows:

"A. A trust is a combination of capital, skill or acts by two or more persons for any of the following purposes:

"1. To create or carry out restrictions in trade or commerce or aids to commerce, or to carry out restrictions in the full and free pursuit of any business authorized or permitted by law.

\* \* \* \* \* \*

"3. To prevent any competition in the manufacture, making, transportation, sale or purchase of merchandise, products or commodities, or prevent competition in aids to commerce.

\* \* \* \* \* \*

"5. To make, enter into, execute or carry out any obligation or agreement by which they bind or have to bind themselves not to sell, manufacture, dispose of or transport any article or commodity below a common standard figure, or by which they agree in any manner to keep the price of such article, commodity or transportation at a fixed or graded figure, or by which they in any manner establish or settle the price of any article or commodity or transportation between them or themselves and others, to preclude free and unrestricted competition among themselves or others in the transportation, sale or manufacture of any such article or commodity, or by which they agree to pool, combine or unite any interest they have in connection with the manufacture, sale or transportation of any such article or commodity that its price may in any manner be affected.

"6. To regulate the transportation of any product or commodity.

"B. Any such combination is against public policy, unlawful and void \* \* \*."

Furthermore, A.R.S. § 44–1405, subd. **B** states that

"B. Any person damaged by any such agreement, trust or combination, may bring an action for and recover from any person in the trust or combination damages he has sustained, together with a reasonable attorney's fee."

It is apparent from a reading of the foregoing provision that it is appropriate for plaintiff to seek only personal redress in this action and that allegations regarding injury to the public generally are not required where, as here, these facts can be inferred from the pleading as drawn.

Defendants, however, focus their attack on that part of the complaint which alleges generally a "conspiracy" between the defendants. Defendants urge that such a general allegation is a legal conclusion which renders the complaint fatally defective. It has been stated that "the motion to dismiss under Rule 12(b) (6) performs substantially the same function as the old common law general demurrer." Moore's Federal Practice, para. 12.08, p. 2244 (2d Ed. 1960). This Court long ago held that simply because a complaint alleged legal conclusions instead of facts did not make it bad on general demurrer, where the intention of the plaintiff was apparent. Machomich Mercantile Co. v. Hickey, 15 Ariz. 421, 140 P. 63. That plaintiff intends to prove the existence of an arrangement which stifles competition is apparent from a reading of the entire complaint.

A recent pronouncement of the Supreme Court of the United States is also pertinent:

" * * * the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 103, 2 L.Ed.2d 80.

If defendants deemed the notice in the complaint insufficient fairly to apprise them of the nature of plaintiff's claim, there are a variety of discovery and issue-sharpening procedures which could have been utilized for that purpose. Rennie & Laughlin, Inc. v. Chrysler Corp., 9 Cir., 1957, 242 F.2d 208, 213. The great weight of authority is that "the primary objective of the law is to obtain a determination of the merits of any claim * * * and that a case should be tried on the proofs rather than the pleadings." Conley v. Gibson, 355 U.S. 41, 46, 78 S.Ct. 99, 2 L.Ed.2d 80; Rennie & Laughlin, Inc. v. Chrysler Corp., 9 Cir., 1957, 242 F.2d 208, 213. We believe a liberal construction of the complaint is consonant with this principle.

Reversed with directions to vacate the order of dismissal and reinstate the complaint.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and JENNINGS, JJ., concurring.