SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| MICHAEL CULLEN, a single man; and JANA CORONADO, a single woman,<br><br>　　　　Plaintiffs/Appellants,<br><br>　　　　　　v.<br><br>AUTO-OWNERS INSURANCE COMPANY, a foreign corporation,<br><br>　　　　Defendant/Appellee. | Arizona Supreme Court<br>No. CV-07-0402-PR<br><br>Court of Appeals<br>Division Two<br>No. 2 CA-CV 07-0020<br><br>Pima County<br>Superior Court<br>No. C20061255<br><br>**O P I N I O N** |

Appeal from the Superior Court in Pima County
The Honorable Deborah Bernini, Judge

**AFFIRMED**

_____

Opinion of the Court of Appeals, Division Two
216 Ariz. 509, 168 P.3d 917 (App. 2007)

**VACATED IN PART; AFFIRMED IN PART**

_____

HARALSON MILLER PITT FELDMAN & McANALLY, P.L.C.　　　　　　Tucson
　　　By　Stanley G. Feldman
　　　　　Thomas G. Cotter
　　　　　Rebecca A. Reed
Attorneys for Michael Cullen and Jana Coronado

HARPER CHRISTIAN DICHTER GRAIF, P.C.　　　　　　　　　　Phoenix
　　　By　Kevin C. Barrett
　　　　　Jay R. Graif
　　　　　Lara E. Goldfarb
Attorneys for Auto-Owners Insurance Company

CHARLES M. BREWER, LTD.　　　　　　　　　　　　　　　Phoenix
　　　By　David L. Abney
Attorneys for Amicus Curiae Arizona Trial Lawyers Association

1

ARIZONA CENTER FOR LAW IN THE PUBLIC INTEREST          Phoenix
      By   Timothy M. Hogan
Attorneys for Amicus Curiae Arizona Center for Law in the Public
Interest
_____

**M c G R E G O R**, Chief Justice

¶1      Arizona Rule of Civil Procedure 8(a)(2) (Rule 8) requires that all pleadings that set forth a claim for relief "shall contain . . . [a] short and plain statement of the claim showing that the pleader is entitled to relief."   We granted review to dispel any confusion as to whether Arizona has abandoned the notice pleading standard under Rule 8 in favor of the recently articulated standard in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).   We hold that Rule 8, as previously interpreted by this Court, governs the sufficiency of claims for relief.

**I.**

¶2      In February 2004, Michael Cullen was injured in an accident involving an automobile owned and operated by a third party.   Cullen received benefits from the third party's insurance policy and also filed a claim for underinsured motorist (UIM) benefits with Auto-Owners Insurance Company (Auto-Owners).   Cullen had no individual insurance policy with Auto-Owners, but filed the claim under an insurance policy that covered a Dodge Caravan used by his mother, Jana Coronado.

Sierrita Mining and Ranch Company owned and purchased automobile insurance for the Dodge Caravan, and provided the vehicle to Coronado for her and her family's exclusive use. The insurance policy, issued by Auto-Owners and sold by Koty-Leavitt Insurance Agency, listed Sierrita as the named insured. Auto-Owners denied Cullen's UIM claim.

¶3      Cullen and Coronado subsequently sued Auto-Owners for breach of the insurance contract and denial of benefits in bad faith. Pursuant to Arizona Rule of Civil Procedure 12(b)(6), Auto-Owners moved to dismiss the suit for failure to state a claim upon which relief could be granted. The trial judge granted Auto-Owners' motion to dismiss.[1]

¶4      In affirming the trial court's judgment, the court of appeals discussed the appropriate standard of review for a motion to dismiss, stating that "recent standards articulated by our supreme court do not permit a trial or appellate court to speculate about hypothetical facts that might entitle the plaintiff to relief." *Cullen v. Koty-Leavitt Ins. Agency, Inc.*, 216 Ariz. 509, 515 ¶ 12, 168 P.3d 917, 923 (App. 2007). The

---

[1] Cullen and Coronado's original suit included a claim against Koty-Leavitt Insurance Agency for negligence. The parties agreed to stay claims pending against Koty-Leavitt until resolution of the trial court's order dismissing the complaint against Auto-Owners. The parties stipulated that if Auto-Owners prevailed on appeal, Cullen and Coronado would voluntarily dismiss all claims against Koty-Leavitt.

3

court concluded that dismissal is appropriate only if a plaintiff is not entitled to relief, as a matter of law, on any interpretation of the facts alleged in the plaintiff's complaint. *Id.* The court's opinion also discussed the recent United States Supreme Court decision in *Twombly*. *Id.* ¶¶ 13-15.

¶5 Cullen petitioned this Court for review, arguing that the court of appeals erroneously relied on *Twombly* to revise Rule 8's notice pleading requirements, in contravention of this Court's rulemaking authority. Today we consider two limited issues raised in Cullen's petition: (1) Does this Court have exclusive authority to change the notice pleading standard under Rule 8?; and (2) Should Rule 8 be re-interpreted to modify the notice pleading standard established by this Court in favor of a more fact-specific pleading standard?[2] Whether this Court has abandoned notice pleading standards under Rule 8 presents an issue of statewide importance. We exercise jurisdiction pursuant to Article 6, Sections 5.3 and 5.5, of the Arizona Constitution and Rule 23(c) of the Arizona Rules of Civil

---

[2] We granted review of the third issue presented in the petition: When a court acts as a fact-finder on a motion to dismiss, may it disregard supplemental factual allegations not set forth in the complaint? We conclude, after further review of the record, that the trial court did not act as fact-finder. Through an order filed contemporaneously with this Opinion, therefore, we dismiss the third issue as improvidently granted. We also denied review of the fourth issue presented in the petition concerning Cullen's reasonable expectation of underinsured motorist coverage.

4

Appellate Procedure.

II.

A.

¶6	Arizona courts assess the sufficiency of a claim under Rule 8's requirement that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Under Rule 8, Arizona follows a notice pleading standard, the purpose of which is to "give the opponent fair notice of the nature and basis of the claim and indicate generally the type of litigation involved."  *Mackey v. Spangler*, 81 Ariz. 113, 115, 301 P.2d 1026, 1027-28 (1956).

¶7	If a pleading does not comply with Rule 8, an opposing party may move to dismiss the action for "[f]ailure to state a claim upon which relief can be granted."  Ariz. R. Civ. P. 12(b)(6).  When adjudicating a Rule 12(b)(6) motion to dismiss, Arizona courts look only to the pleading itself and consider the well-pled factual allegations contained therein.  *See, e.g., Dressler v. Morrison*, 212 Ariz. 279, 281 ¶ 11, 130 P.3d 978, 980 (2006); *Long v. Ariz. Portland Cement Co.*, 89 Ariz. 366, 367-68, 362 P.2d 741, 742 (1961).  Courts must also assume the truth of the well-pled factual allegations and indulge all reasonable inferences therefrom.  *Doe ex rel. Doe v. State*, 200 Ariz. 174, 175 ¶ 2, 24 P.3d 1269, 1270 (2001); *Long*, 89 Ariz. at 367, 362 P.2d at 742.  Because Arizona courts evaluate a complaint's

5

well-pled facts, mere conclusory statements are insufficient to state a claim upon which relief can be granted. The inclusion of conclusory statements does not invalidate a complaint, *Long*, 89 Ariz. at 369, 362 P.2d at 743, but a complaint that states only legal conclusions, without any supporting factual allegations, does not satisfy Arizona's notice pleading standard under Rule 8.

**B.**

¶8 The language of Rule 8 mirrors its federal counterpart. *Compare* Ariz. R. Civ. P. 8(a)(2) *with* Fed. R. Civ. P. 8(a)(2). Despite the similar language, this Court and the United States Supreme Court have articulated the pleading requirement somewhat differently. In *Conley v. Gibson*, 355 U.S. 41 (1957), the United States Supreme Court established a pleading standard broader than that adopted by Arizona. Rather than direct courts to consider only the reasonable inferences that can be drawn from well-pled facts, the Supreme Court held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove *no set of facts in support of his claim which would entitle him to relief*." *Id.* at 45-46 (emphasis added).

¶9 In a 2007 antitrust case, however, the Supreme Court retreated from *Conley*'s formulation, describing the "no set of facts" language as "an incomplete, negative gloss on an accepted

pleading standard." *Twombly*, 127 S. Ct. at 1969. The Court rejected the language in *Conley* and clarified the federal standard for filing a complaint, at least in an antitrust class action. According to *Twombly*, Federal Rule of Civil Procedure 8(a) requires that a complaint include sufficient factual allegations to demonstrate that the plaintiff's claim for relief is "plausible." *Id.* at 1965-66. The Court concluded that a complaint must be dismissed if "the plaintiffs . . . have not nudged their claims across the line from conceivable to plausible." *Id.* at 1974.

## C.

¶10    Arizona has not revised the language or interpretation of Rule 8 in light of *Twombly*. If our prior interpretation of Rule 8 is to change, that change may occur only through one of two discrete methods. First, the Arizona Constitution grants this Court the "[p]ower to make rules relative to all procedural matters in any court." Ariz. Const. art. 6, § 5, cl. 5. This power includes the "authority to interpret rules of procedure." *Nielson v. Patterson*, 204 Ariz. 530, 531 ¶ 5, 65 P.3d 911, 912 (2003). Because this Court has the final say in the interpretation of procedural rules, only this Court can revise or reconsider its prior interpretation of the rules, even if a lower court believes that subsequent events may call into question a prior interpretation.

7

¶11     Rule 28 of the Rules of the Supreme Court of Arizona provides the second method for revising a rule of procedure. Rule 28 permits any person, association, or public agency to file a petition to adopt, amend, or repeal a rule of procedure. Ariz. R. Sup. Ct. 28(A)(1).  Proposed rule changes are made available for public comment and may be the subject of public hearings.  *Id.* at 28(A)(3), (B), (C), (E).  Once the comment period expires and public hearings have concluded, the Court acts on the proposed rule.  *Id.* at 28(F).

¶12     Because the Arizona Constitution grants this Court the power to create all procedural rules, the Arizona Rules of Civil Procedure may be revised only through our inherent power to interpret procedural rules or through the procedures established in Rule 28.  *See* Ariz. Const. art. 6, § 5, cl. 5.  We have not changed our interpretation of Rule 8 and have not received any Rule 28 petition.  The standard described in ¶¶ 6 and 7, therefore, continues to apply.

**D.**

¶13     If the court of appeals had used its opinion to revise our interpretation of Rule 8, the court would have exceeded its authority.  We conclude, however, that the court of appeals did not purport to modify or abandon Arizona's notice pleading standard under Rule 8 simply by citing the *Twombly* decision.

¶14     In its opinion, the court first addressed the standard

that Cullen advocated: The court could "only affirm the trial court's ruling if there are no *possible* facts that would allow" Cullen's claim. *Cullen*, 216 Ariz. at 514 ¶ 11, 168 P.3d at 922 (quotation omitted). The court dismissed Cullen's proposed standard of review as inaccurate and contrary to this Court's recent articulations. *Id.* at 514-15 ¶ 12, 168 P.3d at 922-23. The court identified the correct notice pleading standard, as discussed above, citing our recent decisions in *Dressler*, 212 Ariz. at 281 ¶ 11, 130 P.3d at 980, *Doe*, 200 Ariz. at 175 ¶ 2, 24 P.3d at 1270, and *Mohave Disposal, Inc. v. City of Kingman*, 186 Ariz. 343, 346, 922 P.2d 308, 311 (1996). *Cullen*, 216 Ariz. at 514-15 ¶ 12, 168 P.3d at 922-23. The court also correctly noted that Rule 8 does "not permit a trial or appellate court to speculate about hypothetical facts that might entitle the plaintiff to relief." *Id.* at 515 ¶ 12, 168 P.3d at 923. Instead, the court stated, courts are limited to considering the well-pled facts and all reasonable interpretations of those facts. *Id.* at 514-15 ¶ 12, 168 P.3d at 922-23.

¶15 The court of appeals engendered some confusion, however, when it included an additional discussion about *Twombly*. *See id.* at 515 ¶¶ 13-15, 168 P.3d at 923.[3] The court

_____

[3] In their briefs to the court of appeals, neither party cited *Twombly* nor advocated for the court to adopt *Twombly*'s pleading standards.

9

referenced *Twombly* because the decision "addressed a *similar* question" under the federal rules of civil procedure. *Id.* ¶ 13 (emphasis added). The court concluded that even under the federal rules, courts cannot speculate about unpled facts. *Id.* ¶ 15. Notably, the court of appeals did not rely on *Twombly* to establish a "plausibility" requirement, nor even once mention the term. Furthermore, although the court cited *Twombly* for additional support, the discussion of *Twombly* was wholly unnecessary to the court's conclusion. Indeed, the court correctly articulated the notice pleading standard under Rule 8 and reached its decision by relying on Arizona cases. *Id.* at 514-15 ¶ 12, 168 P.3d at 922-23. We conclude, therefore, that the court of appeals properly applied Arizona's Rule 8 pleading standards.

**¶16** Although the court of appeals applied the correct notice pleading standard, the briefs to this Court demonstrate that the opinion has resulted in some confusion. To eliminate any confusion, we vacate that portion of the court of appeals' opinion citing to *Twombly*. *Cullen*, 216 Ariz. at 515 ¶¶ 13-15, 516 ¶ 16, 168 P.3d at 923, 924. If Arizona elects to revise the notice pleading standard for stating a claim under Rule 8, such revision will occur through an interpretation by this Court or through the procedures set forth in Rule 28.

10

¶17     For the foregoing reasons, we vacate the portion of the court of appeals' opinion citing *Twombly* and affirm the remainder of the opinion.


_____
Ruth V. McGregor, Chief Justice

CONCURRING:


_____
Rebecca White Berch, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
W. Scott Bales, Justice

**H U R W I T Z**, Justice, concurring in part and dissenting in part

¶18     The Court correctly decides today that *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), does not provide the standard for determining under Arizona Rule of Civil Procedure 12(b)(6) whether a complaint states a claim upon which relief can be granted.  I therefore concur in ¶¶ 1-12 of the majority opinion.

¶19     I am less convinced than my colleagues, however, that the court of appeals did not use the *Twombly* standard to

evaluate the complaint in this case. Four full paragraphs of the opinion below are devoted to analysis of *Twombly*. *Cullen v. Koty-Leavitt Ins. Agency, Inc.*, 216 Ariz. 509, 515-516 ¶¶ 13-16, 168 P.3d 917, 923-24 (App. 2007). I am reluctant to conclude that such a detailed discussion is simply dictum.

¶20 As the Court notes, we did not grant that portion of the petition for review asking us to determine whether the complaint actually stated a claim upon which relief can be granted. Op. ¶ 5, n.2. The plaintiffs are entitled to have at least one appellate court evaluate their complaint under the appropriate legal standard, and I would remand this case to the court of appeals to do so. I therefore dissent from the majority opinion insofar as it affirms the judgment of the court of appeals sustaining the dismissal of the complaint.

_____
Andrew D. Hurwitz, Justice