IN THE

# ARIZONA COURT OF APPEALS
### DIVISION TWO

---

IN RE $70,070 IN U.S. CURRENCY

No. 2 CA-CV 2014-0013
Filed September 30, 2014

---

Appeal from the Superior Court in Pinal County
Nos. S1100CV201301076 and S1100CV201301129 (Consolidated)
The Honorable Bradley M. Soos, Judge Pro Tempore
The Honorable Karen J. Stillwell, Judge Pro Tempore

**VACATED AND REMANDED**

---

COUNSEL

Law Office of Robert Louis Murray, Tucson
By Robert Louis Murray
*Counsel for Appellant*

M. Lando Voyles, Pinal County Attorney, Florence
By Craig Cameron, Deputy Pinal County Attorney
*Counsel for Appellees*

---

**OPINION**

Judge Espinosa authored the opinion of the Court, in which
Presiding Judge Miller and Chief Judge Eckerstrom concurred.

---

E S P I N O S A, Judge:

¶1          Fernando Peña challenges a trial court ruling striking
his answer to a forfeiture complaint and ordering the state to

proceed with an uncontested forfeiture pursuant to A.R.S. §§ 13-4314 and 13-4315.  He contends the court erred when, at a hearing held prior to entry of this order, it refused to consider his motion for summary judgment and applied the wrong standard to his motion to dismiss.  We vacate the court's order and remand the case for further proceedings consistent with this decision.

**Factual and Procedural Background**

¶2        This case turns on procedural issues and its history requires detailed explication.  In April 2013, Peña was stopped by an Arizona Department of Public Safety (DPS) officer while driving on Interstate 10.  After a consensual search of his truck revealed "numerous bundles of currency" hidden in a compartment in the truck bed, police seized the currency and the truck, and served Peña with a notice of pending forfeiture.  He filed a timely notice of claim and the state subsequently filed an in rem complaint, under a different cause number, seeking forfeiture of the seized property based on an allegation of racketeering.  The two actions were subsequently consolidated at Peña's request.

¶3        Peña filed a Rule 12(b)(6), Ariz. R. Civ. P., motion to dismiss, in which he argued the state would be unable to "show probable cause to believe that the property is subject to forfeiture" and that its complaint "fail[ed] to allege any specific conduct that will tie the currency and the truck to any act on the part of Mr. Peña which can be traced to racketeering."  In response, the state argued Peña's motion was untimely because it did not comply with the time limit for such challenges under A.R.S. § 13-4310(B).  The trial court found that statute inapplicable, but deferred its ruling on Peña's motion to dismiss pending an evidentiary hearing "pursuant to A.R.S. § 13-4311.N.1(a)," to determine "whether the State can establish by a preponderance of the evidence that the [property] is subject to forfeiture under A.R.S. § [13-]4304."  Peña then filed a "Motion for Summary Judgment" in which he argued that his motion to dismiss should be "disposed of as provided in [Arizona Rule of Civil Procedure] 56" because it had been accompanied by matters outside the pleadings.  The state objected to the conversion of Peña's motion on grounds that the forfeiture statutes preclude motions for summary judgment before an answer has been filed.

¶4        At the evidentiary hearing, the trial court initially indicated that the purpose of the hearing was to "determine whether the State could conclude by preponderance of the evidence that the [property] is subject to forfeiture."  After denying the state's motion to continue the hearing, the court inquired whether it was prepared to proceed.  The state's attorney said he was "prepared to proceed on a probable cause basis," and the court replied:  "Okay.  Well, let's do that, then."  Peña's counsel objected, and a discussion about the purpose of the hearing ensued:

> **[COUNSEL]:**  Your Honor, if I may make a record.  Well, I'll object and—because this is supposed to be a 12(b)(6) hearing, and the State has filed no response to my 12(b)(6) motion.  I mean, they provided me with no disclosure.  I don't know who the [testifying officers] are.
>
> . . . .
>
> **THE COURT:**  Well, the 12(b)(6) motion means that the complaint on its face is deficient.  Okay?  That's an easy thing to resolve.  They have alleged that these items are subject to forfeiture.  Okay.  That's what a complaint does.  It makes allegations.  You wanted something more specific.  I don't know that they are required to do that. . . .  But the way I read your reply to me was that since you asserted they can't come forward with any evidence, I set this hearing to see if they could provide that evidence.  That's why we're here.
>
> **[COUNSEL]:**  Your Honor, I understand, but at this point . . . none of this has ever been disclosed as to who these officers are, what they have to say, there's been no reports.

3

> **THE COURT:** Okay, so . . . are there dislosure requirements for an evidentiary hearing on a probable cause basis? Am I missing something?
>
> **[COUNSEL]:** Well, Judge, I think that certaily I'm entitled [to] appropriate cross-examination to know if they have reports.
>
> **THE COURT:** You said there's no facts. They'r here to present those facts. That's why we're here.

¶5 The court also addressed Peña's motion for summary judgment, stating at first that it would treat his motion to dismiss and motion for summary judgment as "one and the same" based on its consideration of the evidence. However, after the state argued that the forfeiture statutes do not allow a motion for summary judgment to be filed in advance of an answer, the court denied the motion as "premature." The court proceeded to hear evidence and take testimony from several DPS officers. At the conclusion of the hearing, the court denied Peña's motion to dismiss and found that the state had "established probable cause to believe that the currency and the truck are subject to forfeiture." It instructed Peña that he "ha[d] 20 days to file an answer to the Complaint."

¶6 Two weeks later, the state filed an application for an order of forfeiture, asserting that "[n]o answer to the [forfeiture complaint] has been received from the Claimant within the . . . time frame of A.R.S. § 13-4311(G), which requires a claimant to answer the complaint within twenty days." Several days later, Peña filed an answer and an opposition to the state's application, in which he argued that his time to respond to the complaint had been extended by the filing of his motion to dismiss and that his answer, filed within twenty days of the evidentiary hearing, was therefore timely. In its reply, the state argued that even if the forfeiture statutes permit the time for an answer to be tolled—a premise it did not concede—Rule 12(a)(3)(A), Ariz. R. Civ. P., requires an answer "be served within ten days after notice of the court's action." It also asserted that Peña's failure to personally verify the pleading rendered it

defective under § 13-4311(G), which requires answers to be "signed by the owner or interest holder under penalty of perjury."

¶7        The trial court heard argument on the matter and later ruled that Peña's answer was neither timely under Rule 12(a)(3)(A), nor in compliance with the requirements of § 13-3411(G).  The court further ordered the state to proceed with an uncontested forfeiture as provided in §§ 13-4314 and 13-4315, "and to provide the appropriate affidavits offering proof that the State is entitled to forfeiture, which will be decided at a later-requested hearing."  Peña timely appealed and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(3).  *See State ex rel. Goddard v. Ochoa*, 224 Ariz. 214, ¶ 6, 228 P.3d 950, 952 (App. 2010) (applying prior version of A.R.S. § 12-2101(A)(3) to review order striking notice of claim).

**Motion for Summary Judgment**

¶8        Peña first argues the trial court committed error by denying his motion for summary judgment as premature, citing § 13-4311(H).  That section provides, "Any party may move for summary judgment at any time after an answer or responsive pleading is served and not less than thirty days before the hearing."  We review the court's ruling on Peña's motion de novo.  *See Desert Mountain Props. Ltd. P'ship v. Liberty Mut. Fire Ins. Co.*, 225 Ariz. 194, ¶ 12, 236 P.3d 421, 426 (App. 2010) (denial of motion for summary judgment reviewed de novo); *Hourani v. Benson Hosp.*, 211 Ariz. 427, ¶ 4, 122 P.3d 6, 9 (App. 2005) (same).

¶9        Because § 13-4311(H) precludes the filing of a motion for summary judgment in advance of a responsive pleading, Peña's legal argument hinges on the meaning of the term "responsive pleading" in the context of § 13-4311(H).  When the legislature does not define an operative term, we employ "accepted principles of statutory construction" to discern its meaning.  *Stauffer v. U.S. Bank Nat'l Ass'n*, 233 Ariz. 22, ¶ 8, 308 P.3d 1173, 1176 (App. 2013); *see also TDB Tucson Grp., L.L.C. v. City of Tucson*, 228 Ariz. 120, ¶ 9, 263 P.3d 669, 672 (App. 2011) (principles of statutory construction applied unless legislature "'provides a specific definition or the context of the statute indicates a specific meaning'"), *quoting Mercy Healthcare Ariz., Inc. v. Ariz. Health Care Cost Containment Sys.*, 181 Ariz. 95, 98,

887 P.2d 625, 628 (App. 1994); *Home Builders Ass'n of Cent. Ariz. v. City of Mesa*, 226 Ariz. 7, ¶ 7, 243 P.3d 610, 614 (App. 2010) (relying on the language of the statute to determine legislative intent and construing statutory provisions in a manner consistent with related provisions). Pursuant to subsection (B) of § 13-4311, "[j]udicial in rem forfeiture proceedings are in the nature of an action in rem and are governed by the Arizona rules of civil procedure unless a different procedure is provided by law." We therefore look to our rules of civil procedure and decisions interpreting them for guidance.

¶10        Rule 7(a), Ariz. R. Civ. P., lists the types of "[p]leadings allowed" in a civil proceeding, stating,

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

In *Graham v. Goodyear Aerospace Corp.*, we relied on this provision to conclude that the term "responsive pleading," as used in Rule 15(a), Ariz. R. Civ. P., ("Amendments to Pleadings") did not include a motion to dismiss. 120 Ariz. 275, 276-77, 585 P.2d 884, 885-86 (App. 1978); *see also Douglas N. Higgins, Inc. v. Songer*, 171 Ariz. 8, 10, 827 P.2d 469, 471 (App. 1991) ("Nor is a motion to dismiss a responsive pleading within the meaning of Rule 15(a)."); *cf. State v. Five Thousand Five Hundred Dollars in U.S. Currency*, 169 Ariz. 156, 159, 817 P.2d 960, 963 (App. 1991) (concluding, based on Rule 7(a), notice of claim filed in forfeiture proceeding was not a "responsive pleading"). Jurisdictions that employ a similar version of this Rule are in accord. *See, e.g., Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) ("The requirement in Rule 8(c) that a party set forth the affirmative defenses listed in that rule applies only to responsive

'pleadings,' not to motions."); *McGruder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir. 1979); *Boca Burger, Inc. v. Forum*, 912 So.2d 561, 567 (Fla. 2005) ("[A] motion to dismiss is not a 'responsive pleading' because it is not a 'pleading' under the rules."); *Nat'l Equity Props., Inc. v. Hanover Ins. Co.*, 910 N.E.2d 392, 393 (Mass. App. Ct. 2009).

¶11            This distinction is supported by Rule 12(b)(6) itself, which expressly distinguishes motions to dismiss from responsive pleadings:  "Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the [12(b)(6) defenses] may at the option of the pleader be made by motion . . . ."  The language of Rule 55, Ariz. R. Civ. P., ("Default") likewise confirms that a motion to dismiss is not considered a "pleading" under the Rules, stating that default may be entered against a party who "has failed to plead or otherwise defend as provided by these Rules."  *See also Prutch v. Town of Quartzsite*, 231 Ariz. 431, ¶ 17, 296 P.3d 94, 99 (App. 2013) ("Although a motion to dismiss is not a pleading under Rule 7(a), it satisfies the 'otherwise defends' requirement for avoiding entry of default under Rule 55(a).").  Accordingly, in the absence of any indication that the legislature sought to imbue the term "responsive pleading" with a different meaning than the one it has been afforded under the rules of civil procedure, we agree with the trial court that § 13-4311(H) precluded Peña's summary judgment motion.[1]

---

[1]We note that in *Five Thousand Five Hundred Dollars in U.S. Currency*, we determined that a motion to dismiss an in rem forfeiture action does not toll the thirty-day time limit for filing a notice of claim under the forfeiture statutes because Rule 12(a)(1) "extends only the time for filing a 'responsive pleading.'"  169 Ariz. 156, 159, 817 P.2d 960, 963.  Thus, while "[t]he filing of a [R]ule 12 motion may delay the deadline for filing an answer, . . . it does not affect the deadline for filing a claim."  *Id.*  Yet in its application for forfeiture, the state inexplicably portrayed our holding as:  "[T]he filing of a Rule 12(b)(6) motion does not extend the time to properly file responsive pleadings."

**Motion to Dismiss**

¶12        Peña also asserts the trial court erred in its analysis of his motion to dismiss. He argues the court inappropriately took evidence on the issue of probable cause in connection with that motion and, as a result, it failed to apply the proper standard in its ruling. Because Peña's claim implicates the legal standard applied by the court, we review the denial of his motion to dismiss de novo. *See In re Estate of Long*, 229 Ariz. 458, ¶ 22, 276 P.3d 527, 533 (App. 2012); *Mobilisa, Inc. v. Doe*, 217 Ariz. 103, ¶ 9, 170 P.3d 712, 716 (App. 2007) ("Whether the superior court applied the correct legal standard in reaching its discretionary conclusion is a matter of law that we review de novo.").

¶13        At the outset of the hearing on Peña's motion, the trial court stated its purpose was "to determine whether [the state could] establish by a preponderance of the evidence that the sought items are subject to forfeiture." As noted above, however, the state requested that the hearing proceed "on a probable cause basis," and the court acquiesced.[2] Peña's counsel objected, stating, "[T]his is supposed to be a 12(b)(6) hearing." He also claimed he had not been provided with any disclosure or the identities of the state's witnesses.[3] The court overruled the objection, and went on to consider the testimony of three DPS officers, and several photographs introduced by the state.

¶14        Toward the end of the hearing, the court alluded to Peña's absence, suggesting there was "no evidence" to rebut the state's allegations because Peña "didn't show up." After counsel referred to Peña's affidavit, which had been attached to his motion to dismiss, the court stated, "I understand, but your client didn't show up to testify, so I don't have a chance to observe his demeanor

---

[2]Some of the trial court's apparent confusion may have stemmed from its reading of Peña's motion to dismiss, which repeatedly argued that the state would be unable to demonstrate probable cause that the property was subject to forfeiture.

[3]This statement appears inconsistent with Peña's motion to dismiss, which referred to "police reports" that he apparently had been provided.

and credibility." It went on to rule that, "based on the totality of the circumstances, the State has established probable cause to believe that the currency and the truck are subject to forfeiture, so the motion to dismiss is denied."

¶15 The trial court's decision to deny Peña's motion to dismiss based on an evidentiary determination of probable cause is troublesome for several reasons. First, as the state observes, "[t]he difference between probable cause and stating a claim upon which relief may be granted is distinct and separate." The determination that officers had reasonable grounds to believe the property in question was subject to forfeiture is a separate issue from whether the state's complaint sufficiently pleaded a cause of action for forfeiture. *See Matter of U.S. Currency In the Amount of $315,900.00*, 183 Ariz. 208, 211-12, 902 P.2d 351, 354-55 (App. 1995) (distinguishing probable cause finding from state's ability to meet substantive forfeiture statute). While a probable cause inquiry focuses on the reasonableness of the seizing officers' belief that the property is subject to forfeiture, *e.g., In re Twenty-Four Thousand Dollars ($24,000) in U.S. Currency*, 217 Ariz. 199, ¶ 11, 171 P.3d 1240, 1243 (App. 2007), Rule 12(b)(6) requires that the complaint's allegations be tested against the elements of the cause of action pleaded, *see Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, ¶¶ 6-7, 189 P.3d 344, 346 (2008); *Builders Fin. Co. v. Holmes*, 89 Ariz. 157, 159, 359 P.2d 751, 752 (1961) ("[T]est as to whether a complaint is sufficient . . . is "whether enough is stated therein[.]"), *quoting Mackey v. Spangler*, 81 Ariz. 113, 115, 301 P.2d 1026, 1027 (1956).

¶16 Second, we are concerned the parties lacked notice of the nature of the scheduled hearing. A notice of hearing on "Counsel's Motion to Dismiss" was signed by the trial judge and filed alongside an order setting an evidentiary hearing pursuant to § 13-4311(N)(1)(a) for the same date, September 19, 2013. That order indicated the hearing was being set "to determine whether the State can establish by a preponderance of the evidence that the interest is subject to forfeiture." However, it did not state why a hearing on the ultimate issue would be held before the parties had engaged in discovery. *See* § 13-4311(K) ("The hearing on the claim, to the extent practicable and consistent with the interest of justice, shall be held sixty days after all parties have complied with the disclosure

required by [R]ule 26.1 of the Arizona rules of civil procedure."); Ariz. R. Civ. P. 26.1 (listing requisite disclosures).

¶17　　　The parties' confusion regarding the nature of the proceedings was apparent.  In response to the trial court's order, the state filed a motion to continue "the probable cause hearing currently set for September 19."  And when the trial judge stated at the hearing that he had "set the . . . evidentiary hearing to determine whether the . . . interest is subject to forfeiture," Peña's counsel stated that he "d[id]n't interpret [the order] the same way."  As a result of this confusion, Peña was denied the opportunity to meaningfully contest the state's allegations through the presentation of testimony and cross-examination of the state's witnesses.[4]  *Cf. Lund v. Donahoe*, 227 Ariz. 572, ¶ 36, 261 P.3d 456, 465-66 (App. 2011) (finding due process violation where court provided insufficient notice that "order to show cause" hearing would involve evidentiary hearing at which attorneys would be called upon to testify). Accordingly, because the court applied an erroneous standard to Peña's motion to dismiss, going beyond the pleadings, taking evidence, and evaluating the state's claim pursuant to a "probable cause" standard, we conclude its order denying the motion must be vacated and the case restored to its posture prior to the hearing.  In the event the motion is again denied, the trial court shall provide Peña with additional time to answer the complaint pursuant to Rule 12(a)(3).

**Disposition**

¶18　　　Pursuant to the foregoing analysis, the trial court's orders denying Peña's motion to dismiss and striking his answer are vacated and the case remanded for further proceedings consistent with this decision.

---

[4]The state asserts that the evidence presented at the hearing "did not assist the trial court with the determination of the sufficiency of the complaint."  However, it is apparent from the court's statements, as set forth above, that it evaluated the factual support presented at the hearing, as well as the absence of testimony from Peña, and issued its ruling on that basis.