NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JASON LEE HARRIS, *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA, *Defendant/Appellee*.

No. 1 CA-CV 15-0132
FILED 12-17-2015

Appeal from the Superior Court in Maricopa County
No. CV2014-013496
The Honorable James T. Blomo, Judge

**AFFIRMED**

COUNSEL

Jason Lee Harris, Phoenix
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Daniel P. Schaak
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Lawrence F. Winthrop joined.

**H O W E**, Judge:

**¶1**        Jason Lee Harris appeals the trial court's order dismissing his complaint against the State of Arizona for failure to state a claim upon which relief can be granted. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        Harris was incarcerated at the Maricopa County Fourth Avenue Jail in October 2014 when he sued the State of Arizona in its "official capacity." Harris first stated that he filed a notice of claim in October. He then alleged that the State was not protecting his rights as a United States citizen, but rather was "using its legislation as [a] means to act out defiance toward [federal law]." Moreover, Harris alleged that the State was "passing law contrary — or rather — in opposition towards the free [e]njoyment of [his] rights as a U.S. Citizen." Harris argued that the State violated 18 U.S.C. § 241, conspiracy against rights, and § 242, deprivation of rights under color of law, and *Ex parte Commonwealth of Virginia*, 100 U.S. 339 (1879), by passing laws that gave Arizona the authority to deprive him of his rights as a United States citizen.

**¶3**        The State moved to dismiss Harris' complaint pursuant to Arizona Rule of Civil Procedure 12(b)(6) for failure to state a claim. The State argued that Harris' complaint was "virtually indecipherable" because he provided no factual allegations for the State to determine the basis of the complaint. It also argued that although Harris cited United States Code provisions, he provided no explanation for how those laws applied to anything he alleged. Moreover, the State noted that contrary to Harris' claim that he filed a notice of claim, the State had no record of receiving such a notice.

**¶4**        Harris then moved for an entry of default because he had not heard from the State in 23 days and requested $50 billion in relief. The State responded that the trial court should deny Harris' motion because the State had moved for dismissal, thereby making the motion moot. The court denied Harris' motion for entry of default and granted the State's motion to dismiss. Harris timely appealed.

## DISCUSSION

**¶5**        Harris argues that the "State of Arizona through its power violated [his] civil and legal rights guaranteed [to] him under the Equal Protection [C]lause of the Fourteenth Amendment to the U.S. Constitution." We review de novo orders dismissing a complaint pursuant

to Rule 12(b)(6). *Coleman v. City of Mesa*, 230 Ariz. 352, 355–56 ¶ 7, 284 P.3d 863, 866–67 (2012). In determining whether a complaint states a claim on which relief can be granted, courts assume the truth of all well-pleaded factual allegations and "indulge all reasonable inferences therefrom," but "mere conclusion statements are insufficient." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419 ¶ 7, 189 P.3d 344, 346 (2008). We consider only the pleading itself when adjudicating a Rule 12(b)(6) motion. *Id.* Dismissal is appropriate under Rule 12(b)(6) only when, as a matter of law, plaintiff would not be entitled to relief under any interpretation of the facts susceptible of proof. *Rodriguez v. Fox News Network, L.L.C.*, 238 Ariz. 36, 39 ¶ 5, 356 P.3d 322, 324–25 (App. 2015).

**¶6**　　　　Here, Harris has waived his Equal Protection argument because he did not present it to the trial court. *See Cont'l Lightning & Contracting, Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 386 ¶ 12, 258 P.3d 200, 204 (App. 2011) (providing that "legal theories must be presented timely to the trial court so that the court may have an opportunity to address all issues on their merits," and if not, they are waived on appeal); *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265 ¶ 15, 99 P.3d 1030, 1035 (App. 2004) (finding that arguments raised for the first time on appeal are untimely and therefore deemed waived).

**¶7**　　　　Regardless of the waiver, the trial court did not err in dismissing Harris' complaint. The complaint has two primary problems. First, Harris does not explain how the Equal Protection Clause—or any of the federal law he cited in his complaint—applies to the State's alleged actions against him. Second, as best we understand Harris' argument, the complaint's basis was that the State violated his federal constitutional rights by passing laws that infringed upon those rights. Yet Harris does not identify those rights nor provide factual allegations for this Court to determine the complaint's basis. Consequently, even affording him the benefit of all inferences which the complaint can reasonably support, Harris does not allege any set of facts that could be construed as alleging any injury or as stating any claims authorized by federal law entitling him to relief. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal quotation marks and citation omitted). Accordingly, the trial court did not err in dismissing Harris' complaint for failure to state a claim.

## CONCLUSION

¶8        For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: ama