NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MARY F. D'AMBROSIO, *Plaintiff/Appellant*,

*v.*

CITY OF PHOENIX; MARICOPA COUNTY SUPERIOR COURT; STATE
OF ARIZONA, *Defendants/Appellees*.

No. 1 CA-CV 14-0323

FILED 5-5-2015

Appeal from the Superior Court in Maricopa County
No.  CV2013-011923
The Honorable Arthur T. Anderson, Judge

**AFFIRMED**

COUNSEL

Mary F. D'Ambrosio, Phoenix
*Plaintiff/Appellant*

Phoenix City Attorney's Office, Phoenix
By Leslie S. Tuskai, Daniel L. Brown
*Counsel for Defendant/Appellee City of Phoenix*

Arizona Attorney General's Office, Phoenix
By Brock J. Heathcotte
*Counsel for Defendants/Appellees Maricopa County Superior Court/State of
Arizona*

## MEMORANDUM DECISION

Chief Judge Diane M. Johnsen delivered the decision of the Court, in which Acting Presiding Judge Kenton D. Jones and Judge Donn Kessler joined.

J O H N S E N, Judge:

¶1 Mary D'Ambrosio appeals the dismissal of her complaint against the City of Phoenix and the State of Arizona. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2 In 2009, D'Ambrosio sued the City for negligence, alleging she tripped and fell on a Phoenix sidewalk and suffered injuries. At a bench trial nearly four years later, the City moved for judgment as a matter of law at the conclusion of D'Ambrosio's case-in-chief, and the court granted the motion. While her appeal from that matter was pending, D'Ambrosio filed a complaint in superior court, naming the State, through the superior court, and the City as defendants. Among other things, she alleged the defendants committed wrongdoings against her during the 2009 trip-and-fall case, and sought $400 million in damages.

¶3 The State moved to dismiss the second case, arguing D'Ambrosio failed to state a claim upon which relief could be granted, Ariz. R. Civ. P. 12(b)(6), because, *inter alia*, judicial immunity shielded it from liability. *See* Ariz. Rev. Stat. ("A.R.S.") § 12-820.01(A)(1) (2015).[1] The City moved to dismiss on the grounds that D'Ambrosio's allegations were deficient under Rule 12(b)(6), that she had not complied with the notice-of-claim statute, A.R.S. § 12-821.01 (2015), and/or her claims were barred by the statute of limitations, A.R.S. § 12-821 (2015).

¶4 "[A]dopt[ing] the legal positions of the City and State Defendants," the superior court granted the motions, then dismissed the

---

[1] Absent material revision after the date of the events at issue, we cite a statute's current version.

complaint with prejudice. D'Ambrosio timely appealed.[2] We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) (2015), -2101(A)(1) (2015).

**DISCUSSION**

**A.    Standard of Review.**

**¶5**         We review a dismissal of a complaint for failure to state a claim *de novo*. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). When considering a Rule 12(b)(6) motion to dismiss, we "assume the truth of the well-pled factual allegations and indulge all reasonable inferences therefrom." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008). We will affirm the dismissal only if the plaintiff "would not be entitled to relief under any facts susceptible of proof in the statement of the claim." *Mohave Disposal, Inc. v. City of Kingman*, 186 Ariz. 343, 346 (1996). Although conclusory statements do not alone invalidate a complaint, they "are insufficient to state a claim upon which relief can be granted." *Cullen*, 218 Ariz. at 419, ¶ 7; *see also Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4 (App. 2005) ("[W]e do not accept as true allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts.").

**¶6**         D'Ambrosio represented herself in the superior court. "[A] party who conducts a case without an attorney is entitled to no more consideration from the court than a party represented by counsel, and is held to the same standards expected of a lawyer." *Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 287, ¶ 16 (App. 2000). Accordingly, we hold D'Ambrosio "to the same familiarity with court procedures and the same notice of statutes, rules, and legal principles as is expected of a lawyer." *Higgins v. Higgins*, 194 Ariz. 266, 270, ¶ 12 (App. 1999).

**B.    Allegations Against the City.**

**¶7**         In paragraph 1 of the complaint, D'Ambrosio alleged "the City of Phoenix . . . [did] not effectively or in a speedy fashion adjudicate complaints against [it]." To the extent this allegation refers to a judicial proceeding, this is not a claim upon which relief can be granted because the

---

[2]        Although D'Ambrosio filed a notice of appeal before the court entered final judgment, the notice is effective. *See Craig v. Craig*, 227 Ariz. 105, 107, ¶ 13 (2011) (premature notice of appeal is effective if court made final decision and all that remains is ministerial task of entering formal judgment); *see also* ARCAP 9(c).

City was not responsible for adjudicating her negligence case. To the extent the allegation refers to the adjudication of an administrative claim, the complaint fails to specify the nature and any details of that claim. D'Ambrosio further alleged the City "ignored . . . accommodations under the A.D.Act [sic]." Although she does not elaborate, beyond stating she receives Social Security income and "qualif[ies] under A.D.A. guidelines," D'Ambrosio appears to assert she was entitled to court-appointed counsel under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (2015). That allegation is deficient, however, because the ADA does not require appointment of counsel in a civil trip-and-fall case. *See generally id.* Finally, D'Ambrosio alleged the City attorneys "refused settlement. . . . They forced a trial and caused me to suffer a cardiac episode." The City is not required to settle cases, however, and given that D'Ambrosio initiated the lawsuit, she cannot complain that the City "forced a trial."

¶8            In paragraph 2, D'Ambrosio alleged the Phoenix Neighborhood Services Department harassed her for ten years "for trivial blight assessment" and "reneged" on promised aid. She further alleged, in paragraph 7, the department denied her emergency repair services "based on fraud and excuse." D'Ambrosio failed to allege, however, how such conduct violated any statute, ordinance or common-law duty, and on appeal cites no authorities in support of her allegations.

¶9            In paragraph 4, D'Ambrosio alleged an unacceptable level of arsenic in Phoenix water is "slowly causing probable health concerns to the public." This claim is premature because D'Ambrosio has not demonstrated compliance with the notice-of-claim statute. *See* A.R.S. § 12-821.01.

¶10           In paragraph 5, D'Ambrosio alleged the City caused her mother's death in December 2005. This claim is barred by the statute of limitations because she failed to bring it within one year from when the cause of action accrued. *See* A.R.S. § 12-821.

¶11           In the first addendum to the complaint, D'Ambrosio alleged the City employs bus drivers who are rude, cause mental distress and are not on time, which created "unusually dangerous conditions for women and elderly and disabled (I am a person who fits all three categories)." Although D'Ambrosio does not elaborate, her allegation appears to be one of intentional infliction of emotional distress. That allegation is deficient, however, because she did not plead facts to support each element of the tort. *See Ford v. Revlon, Inc.*, 153 Ariz. 38, 43 (1987) ("The three required elements [of intentional infliction of emotional distress] are: *first*, the conduct by the defendant must be 'extreme' and 'outrageous'; *second*, the

defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and *third*, severe emotional distress must indeed occur as a result of defendant's conduct.").

**¶12**　　　　In a second addendum, D'Ambrosio alleged another trip-and-fall incident similar to that which she allegedly suffered in 2009. In response to the City's motion to dismiss, she did not dispute the City's assertion that this claim was the subject of another lawsuit(s), *see* Maricopa County Superior Court Nos. CV2013-017585, CV2013-003030. Accordingly, the superior court did not err in dismissing the claim in this case.

## C.　　　Allegations Against the State.

**¶13**　　　　D'Ambrosio made the following allegations against the State: (1) that the superior court did "not effectively or in a speedy fashion adjudicate" the 2009 trip-and-fall case; (2) that the superior court, through its judges, commissioners and employees, violated her rights under the ADA by not appointing her counsel; (3) that the superior court judge violated the judicial code of conduct by mocking her, demonstrating bias and prejudice and forcing her to trial; and (4) that the superior court had a "conflict of interest protecting the governmental adversaries" against her.

**¶14**　　　　Each of these allegations involves acts taken by judges, commissioners and employees of the superior court in the exercise of a judicial function. Because the State is not liable for damages for such acts, the superior court properly dismissed these allegations. *See* A.R.S. § 12-820.01(A)(1) ("A public entity shall not be liable for acts or omissions of its employees constituting . . . [t]he exercise of a judicial . . . function."); *cf. Acevedo v. Pima County Adult Prob. Dep't*, 142 Ariz. 319, 321 (1984) (judicial immunity applies to judges and those who perform functions "intimately related to" or "an integral part of" the judicial process).

**¶15**　　　　D'Ambrosio also alleged the superior court wrongly adjudicated a case involving the death of her mother, but she did not plead facts supporting that allegation. *See Cullen*, 218 Ariz. at 419, ¶ 7 ("[M]ere conclusory statements are insufficient to state a claim upon which relief can be granted."); *Jeter*, 211 Ariz. at 389, ¶ 4. Moreover, in her opening brief, D'Ambrosio does not argue the superior court improperly adjudicated a wrongful-death case, and thus waived that allegation. *See State v. Carver*, 160 Ariz. 167, 175 (1989) ("In Arizona, opening briefs must present significant arguments, supported by authority, setting forth an appellant's

position on the issues raised. Failure to argue a claim usually constitutes abandonment and waiver of that claim.").

## D.     Other Issues Raised on Appeal.

**¶16**        D'Ambrosio argues that the superior court did not follow "the 150 day rule, 180 day rule[,] Rule 38.1 [or] Rule 16(g)," but she does not elaborate. *See id.* (failure to make cogent argument in opening brief constitutes waiver on appeal). She also argues the City's answering brief exceeded the page limit, but it satisfied the length requirements. *See* ARCAP 14(a)(1).

## CONCLUSION

**¶17**        For the foregoing reasons, the superior court properly dismissed D'Ambrosio's complaint. We affirm.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama