NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ANTHONY ELADIO RAMOS, *Plaintiff/Appellant,*

*v.*

MARK DINELL, et al., *Defendants/Appellees.*

No. 1 CA-CV 20-0133
FILED 1-14-2021

Appeal from the Superior Court in Maricopa County
No. CV2019-004608
The Honorable Connie Contes, Judge

**AFFIRMED**

COUNSEL

Anthony Eladio Ramos, Phoenix
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Connie T. Gould, Lindsey Gilman
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

**H O W E**, Judge:

**¶1**        Anthony Ramos appeals the trial court's dismissal of his first-amended complaint. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In December 2018, the Arizona Corporation Commission investigated Ramos's securities activities and moved for a temporary order to stop his activities. The Commission alleged that Ramos had engaged in securities fraud by making false or misleading statements when offering securities to an Arizona resident. The following month, Ramos filed an answer, his affirmative defenses, and a third-party petition against the Commission and three of its employees alleging several counts of fraud and vicarious liability. His third-party petition was dismissed for failure to state a claim upon which relief could be granted.

**¶3**        In July 2019, Ramos sued the Commission, the three employees he identified in his third-party petition, added a fourth employee to the lawsuit, and filed his first-amended complaint alleging several counts of fraud. He also moved for an injunction against each defendant. The Commission moved to dismiss the lawsuit because Ramos did not serve its employees with a notice of claim before suing it and the employees, the first-amended complaint failed to state a claim upon which relief could be granted, and the complaint failed to state a claim for injunctive relief. The Commission attached an affidavit from its executive director and affidavits from each of its employees attesting that they had not been served with a notice of claim A.R.S. § 12–821.01 required.

**¶4**        Ramos then moved to file a second-amended complaint and attached five notices of claim with certificates that they were served in September 2019. After oral argument—for which Ramos failed to appear—the trial court granted the Commission's motion to dismiss and denied Ramos's motion to file a second-amended complaint as futile. Ramos timely appealed.

## DISCUSSION

**¶5**        Ramos argues that the notice of claim statute does not apply to the Commission and that the Commission never adopted the statute. He further contends that even if the notice of claim statute does apply to the Commission, it does not apply to special actions or injunctions. We review the trial court's granting of a motion to dismiss de novo. *Cleckner v. Ariz. Dep't of Health Services*, 246 Ariz. 40, 42 ¶ 6 (App. 2019). When the trial court

considers evidence outside the complaint, we treat the motion to dismiss as one for summary judgment, Ariz. R. Civ. P. 12(d), which we also review de novo, *Jackson v. Eagle KMC, L.L.C.*, 245 Ariz. 544, 545 ¶ 7 (2019).

¶6 Persons with claims against a public entity or public employee must file claims with that public entity or public employee within 180 days after the cause of action accrues. A.R.S. § 12–821.01(A). A public entity includes the Commission. *See* A.R.S. § 12–820(7) and (8) (defining public entity to mean any state, commission, or department). Likewise, each of the Commission's employees are public employees. *See* A.R.S. § 12–820(1) and (6) (defining public employees as public entity employees, officers, and directors). Because the Commission is a public entity and its employees are public employees, A.R.S. § 12–821.01 applies and Ramos was required to serve a notice of claim before suing the Commission and its employees.

¶7 Ramos argues next that even if the notice of claim statute applies, he did not discover the liable parties until April 2019, and took corrective action within the required time. "[A] cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." A.R.S. § 12–821.01.

¶8 Ramos knew who the potentially liable parties were in January 2019. At that time, Ramos filed a third-party petition against the Commission and three of the four Commission employees that he sued in this action, alleging similar fraud claims. Ramos's cause of action accrued in January 2019, and he was required to serve a notice of claim on the Commission and its employees by July 2019. *See* A.R.S. § 12–821.01(A). Therefore, his September 2019 notice of claim was untimely and the trial court properly granted the Commission's motion to dismiss.

¶9 Ramos contends that the cause of action against the fourth Commission employee—who was not listed in the third-party petition—did not accrue until April 2019. Even if the notice of claim served on that employee in September 2019 was timely, the notice was defective because it did not demand a specific settlement amount other than stating that "the amount is the amount that has already been demanded from you in said matter." *See Yahweh v. City of Phoenix*, 243 Ariz. 21, 23 ¶ 8 (App. 2017) (claim is barred if notice of claim does not contain valid settlement offer and the amount demanded in the complaint does not satisfy this requirement). By October 2019, the notice of claim deadline passed. The trial court properly granted the Commission's motion to dismiss and denied Ramos's motion

to file a second-amended complaint as futile. *See Stair v. Maricopa Cty.*, 245 Ariz. 357, 366 ¶ 37 (App. 2018) (amendment need not be granted if futile).

**¶10** The trial court also properly dismissed Ramos's claim for injunctive relief. While a request for injunctive relief need not satisfy the notice requirements of A.R.S. § 12–821.01(A), *State v. Mabery Ranch, Co., L.L.C.*, 216 Ariz. 233, 245 ¶ 53 (App. 2007), the complaint must still set forth well-pleaded facts and not mere conclusory statements, *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419 ¶ 7 (2008). Ramos did not respond to the injunctive relief section of the Commission's motions to dismiss and he does not argue on appeal that he stated a claim upon which relief could be granted. And in his first-amended complaint Ramos did not specify the harm that was caused by the Commission or its employees; he merely asked that the trial court grant him relief enjoining the Commission and its employees from "any further acts against Plaintiff." Ramos therefore failed to state a claim upon which relief could be granted and the trial court properly granted the Commission's motion.

## CONCLUSION

**¶11** For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA

4