NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JAMES R. HUNTER, *Plaintiff/Appellant,*

*v.*

CYNTHIA A. LEYH-BRUBAKER; SUSANNE M. STERNBERG; and
DWAYNE E. ROSS, *Defendants/Appellees.*

No. 1 CA-CV 14-0362
FILED 12-22-2015

Appeal from the Superior Court in Maricopa County
No. CV2013-000011
The Honorable Randall H. Warner, Judge

**AFFIRMED**

COUNSEL

James R. Hunter, San Luis
*Plaintiff/Appellant*

The Doyle Firm, P.C., Phoenix
By William H. Doyle, D. Andrew Bell
*Counsel for Defendants/Appellees*

_____

**MEMORANDUM DECISION**

_____

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Kenton D. Jones and Judge Samuel A. Thumma joined.

_____

**S W A N N**, Judge:

¶1            James R. Hunter appeals the superior court order dismissing his racketeering case for failure to state a claim upon which relief can be granted.    Because he has not alleged facts sufficient to sustain a racketeering action, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2            In October 2002, Hunter retained attorney Cynthia A. Leyh (now Leyh-Brubaker) to petition the court for post-conviction relief from his 1994 conviction for first degree murder and armed robbery.  After a delay of nearly two and a half years, Leyh-Brubaker filed the petition in June 2005.  The court denied the petition, and we declined review.

¶3            In 2009, displeased with the handling of his petition, Hunter then brought an action for breach of contract and negligence against Leyh-Brubaker and her former law partners, Robert Billar and Susanne M. Sternberg.  The defendants hired attorney Carmen Fischer (now Fischer-Garcia) as an expert witness.  Hunter believed Fischer-Garcia's testimony about her experience, resume, and past ethics violations was false and moved to have her videotaped testimony ruled inadmissible.  He also sought to introduce evidence concerning Leyh-Brubaker's alleged ethics violations.  But the court rejected both requests.  Sternberg and Leyh-Brubaker testified at the trial about their firm and Hunter's petition.  Hunter believed their statements were also false.  The jury, however, returned a verdict in favor of the defendants, and Hunter appealed.  We dismissed Hunter's appeal for lack of jurisdiction.

¶4            In 2013, Hunter brought this action against Leyh-Brubaker, Sternberg, and Fischer-Garcia for racketeering and conspiracy based on their allegedly false testimony in the previous action.  Hunter claimed that they lied at trial "to defraud [him] from obtaining a favorable verdict and judgement [sic] monetary award," by "sway[ing] the jury into rendering [an] erroneous verdict."  Hunter also sued the defendants' counsel from the previous action, Dwayne E. Ross, alleging that he was the architect of

the conspiracy and that he hired Fischer-Garcia specifically to present false testimony. The court granted the defendants' motion to dismiss for failure to state a claim upon which relief can be granted. Hunter appeals.

**DISCUSSION**

¶5        We review dismissal for failure to state a claim under Ariz. R. Civ. P. 12(b)(6) de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). A dismissal under Rule 12(b)(6) is proper when "as a matter of law [ ] plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Id.* at 356, ¶ 8 (citation omitted). In evaluating the dismissal, we "assume the truth of the well-pled factual allegations and indulge all reasonable inferences therefrom." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008). However, "mere conclusory statements are insufficient" to sustain a claim. *Id.*

¶6      Hunter claims the defendants committed acts of racketeering by forming a conspiracy to deprive him of a favorable outcome in his earlier case. By statute, racketeering is "any act, including any preparatory or completed offense, that is chargeable or indictable under the laws of the state or country in which the act occurred . . . and that would be punishable by imprisonment for more than one year under the laws of this state," and that involves one of a number of enumerated offenses for "financial gain," including "[a] scheme or artifice to defraud." A.R.S. § 13-2301(D)(4).

¶7        Arizona allows civil actions for injuries arising from "a pattern of racketeering activity." A.R.S. § 13-2314.04(A). The statute defines this pattern as

> [a]t least two acts of racketeering . . . that meet the following requirements:
>
> (i)      The last act of racketeering activity that is alleged as the basis of the claim occurred within five years of a prior act of racketeering.
>
> (ii)      The acts of racketeering that are alleged as the basis of the claim were related to each other or to a common external organizing principle, including the affairs of an enterprise. Acts of racketeering are related if they have the same or similar purposes, results, participants, victims or methods of commission or are otherwise interrelated by distinguishing characteristics.

(iii)     The acts of racketeering that are alleged as the basis of the claim were continuous or exhibited the threat of being continuous.

A.R.S. § 13-2314.04(T)(3)(a)(i)-(iii).

¶8          Even accepting all Hunter's allegations as true, they are insufficient to support his claims.  He claims that the act of racketeering was the defendants' "conspir[acy] to protect themselves from a civil judgement [sic] . . . by use of false testimony and false misleading concealing documents."  Hunter alleges that Fischer-Garcia misstated the time period when she was a contract attorney for indigent defense for the purpose of covering up a past ethical violation.  He further asserts defendant Leyh-Brubaker falsely testified that she never lies and that Sternberg gave false testimony to the jury concerning the reputation of the law firm and the number of state bar complaints against the firm.  Finally, he alleges that Ross was the architect of the conspiracy and intentionally hired witness Fischer-Garcia for the purpose of presenting false testimony.  Hunter claims that but for the false testimony of the defendants, the jury in the previous action would not have found for the defendants.

¶9          A.R.S. § 13-2314.04 "require[s] that the related predicate acts extend 'over a substantial period of time,' i.e., over more than 'a few weeks or months.'" *Lifeflite Med. Air Transp., Inc. v. Native Am. Air Servs., Inc.*, 198 Ariz. 149, 153, ¶ 13 (App. 2000) (citation omitted).  Even assuming that the actions of the defendants were sufficient to constitute a conspiracy, and assuming they qualified as predicate acts of racketeering, Hunter's allegations still fall short of a *pattern* of racketeering.  According to Hunter, the predicate acts consisted of the presentation of false testimony at a single trial.  These acts, though perhaps planned in advance, constituted a single effort that did not continue over a period longer than "a few months."

## CONCLUSION

¶10　　　　For the foregoing reasons, we affirm the superior court's dismissal for failure to state a claim upon which relief can be granted.



Ruth A. Willingham · Clerk of the Court
FILED: ama