NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DAVID NOVAK, *Plaintiff/Appellant*,

*v.*

MARICOPA COUNTY, *Defendant/Appellee*.

No. 1 CA-CV 16-0115
FILED 12-27-2016

Appeal from the Superior Court in Maricopa County
No. CV 2015-054358
The Honorable Aimee L. Anderson, Judge

**AFFIRMED**

COUNSEL

David Novak, Fountain Hills
*Plaintiff/Appellant In Propria Persona*

Maricopa County Attorney's Office, Civil Services Division, Phoenix
By J. Randall Jue
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which
Presiding Judge Patricia K. Norris and Judge Samuel A. Thumma joined.

**D O W N I E**, Judge:

¶1   David Novak appeals from a judgment dismissing his complaint against Maricopa County. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2   Novak was convicted of theft, a class 3 felony, and was placed on three years' probation on February 5, 2015. The minute entry from the sentencing hearing states that Novak was "prepared to pay restitution <u>today</u> in the total amount of $6,033.76." The superior court did not issue a criminal restitution order ("CRO") at the time of sentencing.

¶3   The State later filed a Motion for Ordering Immediate Payment of Restitution, alleging that restitution remained unpaid and that the probation department could not take action against Novak "due to the fact that restitution was never ordered by the Court separate and apart from the restitution agreement contained within the plea agreement." The superior court granted the State's motion and filed a CRO on May 8, 2015.

¶4   On May 18, 2015, Maricopa County perfected a restitution lien against vehicles titled in Novak's name with the Arizona Department of Transportation, Motor Vehicle Division. Novak subsequently filed a "Petition for Damages" ("Complaint"), alleging the County illegally recorded the lien and refused to remove it after he paid restitution to the victim because he would not pay a $899 collection fee.

¶5   The County filed a motion to dismiss pursuant to Rule 12(b)(6), Arizona Rules of Civil Procedure, arguing the CRO was statutorily authorized and the collection fee was included in the CRO. After full briefing, the superior court granted the County's motion, and Novak timely appealed. This Court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

¶6   This Court reviews the grant of a Rule 12(b)(6) motion *de novo*. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). We "assume the truth of the well-pled factual allegations and indulge all reasonable inferences therefrom." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008). "Dismissal is appropriate under Rule 12(b)(6) only if as a matter of law plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Coleman*, 230 Ariz. at 356, ¶ 8.

¶7            We requested supplemental briefing from the parties addressing the effect, if any, of Novak's discharge from probation and the County's December 2015 filing in the criminal matter of a satisfaction of judgment stating that Novak had "fully satisfied" the CRO.  Given this action, to the extent Novak's complaint sought to have the restitution lien removed, that request is now moot.  But as the County observed in its supplemental brief, Novak also requested damages "for the period from the institution of the lien . . . to the date when the lien was released."  That aspect of Novak's claim is not moot.

¶8            Novak incorrectly contends a CRO may issue only after an individual is released from probation.  A.R.S. § 13-805(B) states that the court, upon ordering a defendant to pay restitution, "may enter a criminal restitution order in favor of each person who is entitled to restitution for the unpaid balance of any restitution order."[1]  Once a CRO issues, it may be recorded and enforced "as any civil judgment."  A.R.S. § 13-805(E). Enforcement includes perfecting a restitution lien pursuant to A.R.S. § 13-806(A) ("The state or any person entitled to restitution pursuant to a court order may file in accordance with this section a restitution lien.").  A restitution lien against interests in titled motor vehicles is perfected by filing the lien "with the department of transportation motor vehicle division."  A.R.S. § 13-806(D).

¶9            Although Novak challenges the County's $899 collection fee, the CRO specifically provided that "[a]ny collection fees incurred by the Court in connection with enforcement of this Order are the responsibility of the defendant and will be added to the original restitution amount."  In this civil proceeding, Novak may not collaterally attack the validity of the CRO issued in his criminal case.

¶10            Finally, Novak's contention that the superior court acted "corruptly" is not supported by the record.  "A trial judge is presumed to be free of bias and prejudice, and a [complainant] must show by a preponderance of the evidence that the trial judge was, in fact, biased." *State v. Ramsey*, 211 Ariz. 529, 541, ¶ 38 (App. 2005).  No such bias is

---

[1]            Novak relies on A.R.S. § 13-805(C), which *requires* the court to enter a CRO if restitution remains owing after a defendant completes his probation or absconds.  That provision does not conflict with the permissive authority prescribed by § 13-805(B) or negate the court's ability to issue a CRO when ordering a defendant to pay restitution.

apparent and, for reasons discussed *supra*, the superior court properly granted the County's motion to dismiss.

## CONCLUSION

¶11       For the foregoing reasons, we affirm the judgment of the superior court.



AMY M. WOOD • Clerk of the Court
FILED:   AA