NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

ALFRED JOHN LEE PETTERSEN, *Petitioner/Appellant*,

*v.*

ANNA MARIE PETTERSEN, *Respondent/Appellee*.

No. 1 CA-CV 23-0294 FC
FILED 03-28-2024

Appeal from the Superior Court in Maricopa County
No. FN2015-091060
The Honorable Harriet M. Bernick, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

The Nathanson Law Firm, Scottsdale
By Philip J. Nathanson
*Counsel for Petitioner/Appellant*

Trent S. Trueblood Esq., Peoria
By Trent S. Trueblood
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge James B. Morse Jr. joined.

---

**C A T L E T T**, Judge:

¶1          Anna Pettersen ("Wife) and Alfred Pettersen ("Husband") divorced in 2015.  At that time, the superior court entered a consent decree requiring Husband to pay $6,000 per month to Wife for spousal maintenance.  After Husband stopped paying in 2022, Wife petitioned to enforce Husband's spousal-maintenance obligation.  Husband moved to dismiss Wife's petition.  The superior court denied the motion to dismiss and ultimately held Husband in contempt for willfully failing to make maintenance payments.  Husband appeals only the denial of his motion to dismiss, arguing the court should have granted the motion based on the terms of a separate trust agreement.  We affirm the court's denial of the motion to dismiss.

## FACTS AND PROCEDURAL HISTORY

¶2          Husband and Wife were married in 2014.  In April 2015, Husband petitioned for dissolution of the marriage.  Eventually, the parties resolved the divorce proceedings by executing a consent decree, which the superior court entered in July 2015.

¶3          The consent decree required Husband to pay Wife spousal maintenance of $6,000 per month.  The consent decree stated: "Husband agrees to pay Wife [a] spousal maintenance payment of $6,000 per month pursuant to Article VI, Section 6B of the AJLP Revocable Trust dated April 29, 2015.  This award shall be non-modifiable as to both amount and duration."   The AJLP Revocable Trust ("Trust"), in turn, provided the following: "If PLEXUS WORLDWIDE, LLP does not distribute sufficient partnership distributions to make the monthly payment there will be no right for the beneficiary hereunder to pursue the Trustee for violation of the trust terms."

¶4          Husband stopped making spousal-maintenance payments in 2022.  In early 2023, Wife filed a Petition to Enforce Spousal Maintenance ("Petition"), asking the superior court to "order [Husband] to resume

making monthly spousal maintenance payments as required by the Decree" and enter a judgment for past-due maintenance payments. Husband moved to dismiss the Petition under Arizona Family Law Rule of Procedure 29(a)(6) and Arizona Rule of Civil Procedure 12(b)(6). Husband argued that the consent decree and the Trust made his spousal-maintenance obligation contingent upon receiving partnership distributions from Plexus Worldwide, LLP ("Plexus"). Husband claimed he was no longer receiving distributions from Plexus, so Wife's "right to receive maintenance . . . was terminated."

**¶5** The superior court denied Husband's motion to dismiss, concluding that Wife "did state . . . a valid claim, which is for spousal maintenance." The court also observed that the consent decree "is very specific in that it says nonmodifiable both as to amount and duration" and "the [Decree] gives the court the ability to look at those terms and determine whether or not spousal maintenance is something that is required to be paid." The superior court found Husband in contempt for willfully failing to make maintenance payments, ordering Husband to pay a shortfall purge of $10,000.00 by April 17, 2023, and entered judgment against Husband in the amount of $60,000.00 for missed maintenance payments and $2,249.91 for interest.

**¶6** Husband timely appealed. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶7** On appeal, Husband challenges only the superior court's denial of his motion to dismiss. Husband argues that the superior court erred in not dismissing Wife's Petition because his spousal-maintenance obligation terminated under the Decree and Trust when he stopped receiving partnership distributions from Plexus. Husband also argues that the superior court should have considered the Trust when deciding his motion to dismiss. We conclude the superior court did not err in denying Husband's motion to dismiss.

**¶8** We review *de novo* the superior court's denial of a motion to dismiss a post-decree petition for failure to state a claim. *See Hopi Tribe v. Ariz. Snowbowl Resort Ltd. P'ship*, 245 Ariz. 397, 400 ¶ 8 (2018). We assume the petition's well-pled facts are true and will reverse the denial of a motion to dismiss only if the petitioner "would not be entitled to relief under any interpretation of the facts susceptible of proof." *Id*. (quotation marks and citation omitted).

¶9            A party may commence a post-decree action by filing a petition to enforce spousal maintenance support. Ariz. R. Fam. L. P. 23(a)(10). A petition must contain "a simple statement of a claim that shows the petitioner is entitled to relief" and "a demand for the relief sought[.]" Ariz. R. Fam. L. P. 24(a)(2)–(3). This standard, which mimics Arizona Rule of Civil Procedure 8, is meant to "give the opponent fair notice of the nature and basis of the claim and indicate generally the type of litigation involved." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419 ¶ 6 (2008).

¶10           Wife's Petition complied with Rule 24 and otherwise stated a valid claim for relief. The Petition referenced the consent decree and Husband's spousal-maintenance obligations. The Petition quoted the provision in the consent decree providing that the spousal-maintenance award "shall be non-modifiable as to both amount and duration." The Petition explained that Wife was seeking relief for missed payments and interest and an order requiring Husband to resume payments. And the Petition stated the relief sought—$48,000 in back due payments at that time, plus $550 in interest. Taking the facts Wife alleged in the Petition as true, Wife stated a valid claim for relief.

¶11           Husband claims the superior court refused to consider the Trust in deciding his motion to dismiss. To the contrary, the record reflects that the court considered the terms of the Trust available to it (those quoted in Husband's motion to dismiss) and concluded they did not negate Wife's claim for relief. For example, the court explained its view that the Trust was merely "the vehicle" through which Husband would pay Wife. The court then concluded that "Husband can't get out of his agreement to pay just because the funds [from the Trust] have been deflated or are completely depleted." Husband's argument that the court ignored the Trust is inaccurate.

¶12           Husband's argument that his spousal-maintenance obligation automatically terminated also misses the mark. Neither the language in the Trust nor Plexus's cessation of partnership distributions could *automatically* terminate Husband's spousal-maintenance obligation. Arizona law provides that "the provisions of any decree respecting maintenance or support may be modified or terminated only on a showing of changed circumstances that are substantial and continuing[.]" A.R.S. § 25-327(A); *see also McClendon v. McClendon*, 243 Ariz. 399, 401 ¶ 9 (App. 2017) ("The burden of proving changed circumstances is on the party seeking modification.") (quotation marks and citation omitted). Moreover, the party seeking to have a maintenance obligation terminated or modified should do so through a "motion or order to show cause to modify or

terminate." *See* A.R.S. § 25-327(A). And, even if such a motion or order is successful, it does not impact "any amount that may have accrued as an arrearage before the date of notice of the motion or order to show cause to modify or terminate." *Id.* The only time "the obligation to pay future maintenance" *automatically* terminates is "on the death of either party or the remarriage of the party receiving maintenance." A.R.S. § 25-327(B).

**¶13** Here, the language in the Trust combined with Plexus's cessation of partnership distributions did not automatically terminate Husband's maintenance obligation. *See id.* And Husband did not file a motion to terminate his maintenance obligations and make a "showing of changed circumstances that are substantial and continuing." A.R.S. § 25-327(A). Because Wife's Petition set forth a valid claim for relief, the superior court did not err in denying Husband's motion to dismiss.

## ATTORNEY FEES

**¶14** Wife requests attorney fees on appeal under A.R.S. § 25-324. We have considered the parties' relative financial resources and the reasonableness of their appellate positions. *See* A.R.S. § 25-324(A). In the exercise of our discretion, we award attorney fees and costs to Wife upon compliance with Arizona Rule of Appellate Procedure 21.

## CONCLUSION

**¶15** We affirm.

