NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BENJAMIN TWIGGS HOGEN, *Plaintiff/Appellant*,

*v.*

STEVEN MARK HOGEN, *Defendant/Appellee*.

No. 1 CA-CV 24-0491

FILED 02-06-2025

Appeal from the Superior Court in Maricopa County
No. CV2023-012321
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

COUNSEL

Benjamin Twiggs Hogen, Mesa
*Plaintiff/Appellant*

White Mountain Law Group PLC, Show Low
By Michael R. Ellsworth
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Daniel J. Kiley and Judge David D. Weinzweig joined.

---

**C A T L E T T**, Judge:

**¶1**        Benjamin Hogen ("Son") appeals the superior court's denial of his motion for leave to amend his complaint.  Because Son's proposed amended complaint did not allege facts sufficient to toll the statute of limitations, we affirm the court's denial of leave to amend.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        In August 2023, Son filed a complaint against his father, Steven Hogen ("Father"), alleging Father committed various sexual acts against Son when he was a child.  Son alleged "duress" from 1997 until November 2022.  Father moved to dismiss, arguing the applicable statute of limitations barred Son's claims because Son turned eighteen in 2007 and was therefore required to bring his claims by 2019, within twelve years after his eighteenth birthday.  *See* A.R.S. § 12-514(A).

**¶3**        When Son did not timely respond, the superior court granted Father's motion to dismiss.  Son then moved to extend the response deadline, which the court granted; Son then responded to the motion to dismiss.  In his response, Son argued the statute of limitations should be tolled because he was of unsound mind during all relevant times.  The court again dismissed Son's complaint, this time on the merits, because (1) Son was required to bring the complaint by 2019 but did not do so until 2023, (2) Son did not include any allegations in his complaint supporting tolling, and (3) the facts Son first raised in his response to the motion to dismiss did not meet the standard to toll the statute of limitations.

**¶4**        Son then filed a "supplemental pleading."  That document included allegations only about the parties, jurisdiction, venue, and the "factual circumstances constituting unsound mind."  The court took no action.  So, about two months later, Son filed a motion for leave to amend, a motion requesting relief from judgment, and another supplemental

pleading. The second supplemental pleading reiterated Son's factual bases for tolling but now listed the years for each. The only facts Son alleged for being of unsound mind from 2019 through 2021 were that he "lived in two sober living communities," "walked off his job working as a crew member" at a fast food restaurant, "lived with friend in ASU dormitory, unable to pay rent," "took the LSAT," and "matriculated at University of Idaho College of Law." Other than the act of filing this lawsuit, Son alleged no facts for 2022 or 2023.

**¶5** The court construed Son's initial supplemental pleading to be an amended complaint that was improperly filed without leave of court, but construed Son's second supplemental pleading to be a proposed amended complaint. But the court denied leave to amend because Son failed to fix the issues the court previously addressed and further amendment "would be futile as a matter of law."

**¶6** Son timely appealed. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶7** Son challenges only the court's denial of leave to amend. He argues the court erred by concluding that his proposed amendment would be futile.

**¶8** "Although the superior court has the discretion to deny a motion to amend, we review *de novo* whether a request to amend is futile." *Ute Mountain Ute Tribe v. Ariz. Dep't of Revenue*, 254 Ariz. 410, 416 ¶ 22 (App. 2023). When reviewing whether a request to amend is futile, we presume all factual allegations in the amendment are true. *See Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419 ¶ 7 (2008). Other questions of law, including whether a statute of limitations should be tolled, are reviewed *de novo*. *Worldwide Jet Charter, Inc. v. Toulatos*, 254 Ariz. 331, 336 ¶ 15 (App. 2022).

**¶9** Son argues the court should have granted him leave to amend because his updated supplemental pleading included facts that, when taken as true, established that he was of unsound mind, thereby tolling the statute of limitations. But even if we, like the superior court, construe Son's supplemental pleading to be a proposed amended complaint, he did not allege sufficient facts to toll the statute of limitations.

**¶10** In 2019, the legislature amended A.R.S. § 12-514(A)(1) to allow a complaint relating to sexual conduct against a minor to "be commenced within twelve years after the plaintiff reaches eighteen years of

age and not afterward[.]" 2019 Ariz. Sess. Laws, ch. 259, § 1 (1st Reg. Sess.) (H.B. 2466). The Act also permitted a cause of action "that would otherwise be time barred because of an applicable statute of limitations" to "be commenced before December 31, 2020." A.R.S. § 12-514(A)(1) (2019); 2019 Ariz. Sess. Laws, ch. 259, § 3.

**¶11** In addition to the Act's time extension, "[i]f a person entitled to bring an action . . . is at the time the cause of action accrues either under eighteen years of age or of unsound mind" the applicable statute of limitations is tolled. A.R.S. § 12-502. "A person of unsound mind is one who 'is unable to manage his affairs or to understand his legal rights or liabilities.'" *Nolde v. Frankie*, 192 Ariz. 276, 281 ¶ 22 (1998). "To justify tolling a limitations statute because a person lacks ability to manage his daily affairs, we require 'hard evidence that a person is simply incapable of carrying on the day-to-day affairs of human existence.'" *Id.* ¶ 23. To justify tolling based on an inability to understand and assert legal rights, a plaintiff alleging sexual abuse must allege repressed memories of the abuse and prior denial that such abuse took place. *See id.* at 282 ¶¶ 27-28.

**¶12** It is uncontested that Son turned eighteen in 2007, so the twelve-year statute of limitations in § 12-514(A)(1) ordinarily would have run in 2019. But under the 2019 amendment to § 12-514(A)(1), Son's deadline to file his complaint was extended to December 31, 2020, unless he asserted facts further tolling the limitations period. Son filed his complaint in 2023. Thus, Son needed to allege facts which, when taken as true, would show that he was of unsound mind from January 1, 2021, through the date of his original complaint in 2023. Son did not do so.

**¶13** In fact, Son alleged no facts showing he was of unsound mind in 2022 and continuing through the date of his complaint in 2023. That omission alone was sufficient for the superior court to deny leave to amend. On top of that omission, Son admitted in his response to Father's motion to dismiss that he understood his rights in 2022. And the only fact Son alleged to support that he was of unsound mind in 2021 is that he enrolled in law school, which does not demonstrate that he was unable to manage his affairs or understand his legal rights. Son included no other facts supporting that he was of unsound mind from 2021 to 2023. Because Son's proposed amended complaint did not allege sufficient facts to toll the statute of limitations, the court properly denied Son leave to amend.

4

**CONCLUSION**

¶14        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:            JR