NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

MARK FINCHEM; ANTHONY KERN; and PAUL GOSAR (each in their personal capacity), *Plaintiffs/Appellants*,

*v.*

CHARLENE FERNANDEZ (in her personal capacity), *Defendant/Appellee.*

No. 1 CA-CV 22-0647

FILED 02-11-2025

———————————————

Appeal from the Superior Court in Yuma County
No. S1400CV202100146
The Honorable Levi Gunderson, Judge *Pro Tempore*

**REVERSED**

———————————————

COUNSEL

Broening Oberg Woods & Wilson PC, Phoenix
By Donald Wilson, Jr., Kelley M. Jancaitis
*Counsel for Plaintiffs/Appellants*

Timothy A. La Sota, PLC, Phoenix
By Timothy A. La Sota
*Counsel for Plaintiffs/Appellants*

Ballard Spahr LLP, Phoenix
By David Jeremy Bodney, Matthew E. Kelley, Kennison Lay
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

---

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Judge Jennifer M. Perkins and Judge Daniel J. Kiley joined.

---

**H O W E,** Judge:

**¶1**      Mark Finchem, Anthony Kern, and Paul Gosar ("Plaintiffs") appeal the superior court's order awarding Charlene Fernandez her attorney's fees under A.R.S § 12–349 as a sanction for bringing a claim without substantial justification.

**¶2**      In August 2023, this Court issued a memorandum decision holding that the superior court did not err in awarding Fernandez attorney's fees. *Finchem v. Fernandez*, 1 CA-CV 22-0647, 2023 WL 5125590, at *1 ¶ 1 (Ariz. App. Aug. 10, 2023) (mem. decision) ("Finchem I"). Plaintiffs petitioned the Arizona Supreme Court for review. The Supreme Court remanded this case to this Court for reconsideration in light of *Arizona Republican Party v. Richer*, 257 Ariz. 210 (2024), which clarified the standard for such an award. *Finchem v. Fernandez*, CV 23-0220-PR, 2024 WL 3963542, at *1 (Ariz. Aug. 20, 2024) (order granting review and remanding).

**¶3**      We now reverse the superior court's decision to award attorney's fees under A.R.S. § 12–349.

**FACTS AND PROCEDURAL BACKGROUND**

**¶4**      The facts of this case are set forth in this Court's previous decision. *Finchem I*, 1 CA-CV 22-0647 at *1–3 ¶¶ 3–14. As relevant here, in January 2021, 42 members of the Arizona legislature, including Fernandez, co-signed a letter to the Department of Justice and the FBI asking them to investigate whether Finchem, Kern, Gosar, and Representative Andy Biggs "incited, encouraged, or participated in the lawless behavior" at the United States Capitol on January 6, 2021. The co-signers alleged that "[t]heir own social media posts strongly suggest[ed]" that Finchem and Kern "were present at the riot in Washington D.C. on January 6 and actively encouraged the mob." Finchem and Kern sued Fernandez for defamation.

2

¶5 Plaintiffs twice amended their complaint, adding Gosar as a plaintiff, removing some allegations and rewording others but maintaining the claims central to the issues on appeal. Both Plaintiffs' First Amended Complaint ("FAC") and Second Amended Complaint ("SAC") referred to several of their social media posts disapproving of the events of January 6. They also highlighted that the letter Fernandez co-signed "include[d] a link to a video by political activist Ali Alexander" in which he stated the "purpose of the protest on January 6 was to 'change the hearts and the minds of Republicans who were in [Congress], hearing our loud roar from outside.'" Plaintiffs emphasized the phrase "hearing our roar from outside," arguing that the "expressed intentions of organizing a protest outside the Capitol . . . amounts to nothing more nefarious than protected activity under the First Amendment."

¶6 Fernandez moved to dismiss for failure to state a claim, arguing that Plaintiffs could not pursue their defamation claims because the letter was protected as a privileged communication to law enforcement about possible criminal activity. She argued that even if it were not privileged, Plaintiffs failed to sufficiently plead facts to establish that she had actual malice or knew the "statements were false or consciously disregarded subjective doubts about their truth." Plaintiffs opposed the motion to dismiss, arguing that Fernandez could not claim absolute privilege because she was not a witness present on January 6.

¶7 The court granted the motion to dismiss. In doing so, the court found that the letter went "to the heart of free speech and the right to petition the government in connection with matters of great public concern" and that Fernandez "had the right to express her concerns, both as an individual and as a state legislator." Fernandez then moved for attorney's fees under A.R.S. § 12–349 for bringing a claim both without substantial justification and primarily for harassment. She also asked for fees under Arizona Rule of Civil Procedure ("Rule") 11(c). Finding that "Plaintiffs brought their claim without substantial justification, meaning that it was groundless and not made in good faith," the court granted her attorney's fees under A.R.S. § 12–349(A)(1)(3). Focusing on Plaintiffs' bad faith, the court noted that both A.R.S. § 12–349 and Rule 11 independently justified the fees. Plaintiffs timely appealed the award of attorney's fees, and we have jurisdiction under A.R.S. § 12-120.21(A)(1).

## DISCUSSION

**¶8**      Plaintiffs argue that the court erred in sanctioning them because their SAC was not brought without substantial justification. "We defer to a trial court's findings of fact unless clearly erroneous, but we review the court's interpretation and application of [A.R.S. § 12–349] de novo." *Richer*, 257 Ariz. at 215 ¶ 10.

**¶9**      The court shall order attorney's fees against a party if the party "[b]rings or defends a claim without substantial justification." A.R.S. § 12–349(A). A claim is "without substantial justification" if it "is groundless and is not made in good faith." A.R.S. § 12–349(F). "A fees award under § 12-349(A)(1) requires groundlessness *and* the absence of good faith." *Richer*, 257 Ariz. at 220 ¶ 34.

**¶10**      Groundlessness is analyzed objectively. *Id.* at 216 ¶ 15. A claim is groundless "if the proponent can present no rational argument based upon the evidence or law in support of that claim." *Rogone v. Correia*, 236 Ariz. 43, 50 ¶ 22 (App. 2014) (quoting *Evergreen W., Inc. v. Boyd*, 167 Ariz. 614, 621 (App. 1991)). A claim that requires "considerable examination" is "fairly debatable," *Johnson v. Mohave Cnty.*, 206 Ariz. 330, 335 ¶ 19 (App. 2003), even where it constitutes a "long shot," *Richer*, 257 Ariz. at 216 ¶ 15 (quoting *Goldman v. Sahl*, 248 Ariz. 512, 531 ¶ 68 (App. 2020)). "[A] claim may lack winning merit without being sufficiently devoid of rational support to render it groundless." *Richer*, 257 Ariz. at 216 ¶ 15.

**¶11**      Although the court found the award of fees independently justified under Rule 11, "[t]he basis for a sanction according to Civil Procedure Rule 11 is the same as A.R.S. § 12-349(A)(1)." *Id.* at 222 ¶ 40 (quoting *Goldman*, 248 Ariz. at 531 ¶ 68). Thus, the result would be the same for an award under A.R.S. § 12-349 or Rule 11.

## I.      Privilege

**¶12**      Fernandez argues that Plaintiff's defamation claim was "barred by the absolute privilege from defamation liability provided to reports to law enforcement about potential criminal activity." In support, she cites *Ledvina v. Cerasani*, which held that absolute privilege applies to crime victims reporting to the police. 213 Ariz. 569, 574 ¶ 14 (App. 2006). In *Finchem I*, we explained that this privilege is not limited only to crime victims. 1 CA-CV 22-0647, at *4 ¶¶ 20–23; *see also Simonds v. Ariz. Aerospace Found., Inc.*, 2 CA-CV 2018–0007, 2018 WL 4055654, *1 ¶¶ 3–4, *3 ¶ 12 (Ariz. App. Aug. 24, 2018) (mem. decision) (extending absolute privilege to those who are neither victims nor witnesses). The purpose of the privilege is to "assure utmost freedom of communication between *citizens* and public

authorities whose responsibility it is to investigate and remedy wrongdoing." *Ledvina*, 213 Ariz. at 574 ¶ 12 (emphasis added) (quoting *Hagberg v. Cal. Fed. Bank*, 81 P.3d 244, 251 (Cal. 2004)). Although we clarified in *Finchem I* that the absolute privilege for communications to law enforcement is not limited to communications by victims, this clarification was unavailable to the parties at the time Plaintiffs sued Fernandez. 1 CA-CV 22-0647, at *4 ¶¶ 20–23. The issue on appeal is not whether the January 2021 letter was privileged but whether the existence of a privilege was "fairly debatable."

¶13        Plaintiffs correctly note that the facts of *Ledvina* differ from the facts here. The defendant in *Ledvina* was a crime victim who made a report about the plaintiff to law enforcement while Fernandez was not a victim of or eyewitness to the events at the U.S. Capitol on January 6. *See Ledvina*, 213 Ariz. at 570 ¶ 2. Fernandez asserts that this Court's memorandum decision in *Simonds* establishes the groundlessness of Plaintiffs' claim against her. *See* 2 CA-CV 2018–0007, at *1 ¶¶ 3–4, *3 ¶ 12. But an unpublished memorandum decision is not precedential. Ariz. R. Sup. Ct. 111(c). Because no published opinion held that the absolute privilege for reports to law enforcement extends to those who are not victims nor witnesses, Plaintiffs could fairly debate whether the January 2021 letter was privileged. *See* Ariz. R. Sup. Ct. 111(c)(1) ("Memorandum decisions of Arizona state courts are not precedential."). Although we hold that Plaintiffs' privilege argument lacked merit, that does not mean all argument to that point was groundless. *See Richer*, 257 Ariz. at 216 ¶ 15 (holding that a "long shot" argument lacking winning merit is not necessarily groundless).

## II.    Malice

¶14        Plaintiffs also argue that their claim was not groundless because they alleged sufficient facts to demonstrate that Fernandez acted with actual malice, thereby overcoming the First Amendment bar. Specifically, Plaintiffs argue their complaint stated sufficient facts that "Fernandez ignored obvious and publicly available information about Plaintiffs' whereabouts and activities on January 6, 2021."

¶15        The First Amendment "limits the scope of state defamation law when applied to public figures and matters of public concern." *Rogers v. Mroz*, 252 Ariz. 335, 337 ¶ 2 (2022). As here, public figures can recover damages for defamation on matters of public concern only upon a showing of "actual malice." *Dombey v. Phx. Newspapers, Inc.*, 150 Ariz. 476, 481 (1986). "The actual malice standard is reached when there is clear and convincing evidence that [a] defendant published either knowing that the [publication]

was false and defamatory or that [they] published with 'reckless disregard of whether it was false or not.'" *Id.* at 487 (quoting *New York Times v. Sullivan*, 376 U.S. 254, 279–86 (1964)).

**¶16** Because direct evidence of a defendant's state of mind is rare, actual malice inquiries are fact dependent and regularly rely on circumstantial evidence. *See Currier v. W. Newspapers, Inc.*, 175 Ariz. 290, 294 (1993). Plaintiffs claim in their SAC that social media posts they made signaling their disapproval of the violence on January 6 "would have alerted a reasonable person to doubt as to the truth of the allegations." Nothing in the record shows Fernandez was personally aware of these posts, but the letter cites to Plaintiffs' social media accounts as evidence that they "were present" and "actively encouraged the mob." The SAC noted that the letter included a link to a video in which an individual claims to have planned a protest with Gosar "outside" the Capitol with one of the Plaintiffs. Plaintiffs emphasized "hearing our roar from outside," which is contrary to the letter's suggestion that Plaintiffs encouraged "breach[ing] the walls" of the Capitol.

**¶17** To be sure, Plaintiffs' First Amendment argument was without merit. In ruling on a motion to dismiss for the failure to state a claim upon which relief may be granted, "[c]ourts must [] assume the truth of the well-pled factual allegations and indulge all reasonable inferences therefrom." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419 ¶ 7 (2008). But courts should not speculate about hypothetical facts, *id.* at 420 ¶ 14, nor accept as true inferences or deductions that are not necessarily implied by well-pled facts or that are unreasonable, *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389 ¶ 4 (App. 2005). Failure to investigate may be evidence of actual malice, but only when "no reasonable person would fail to investigate." *Dombey*, 150 Ariz. at 487. Given that the January 2021 letter did not allege that Plaintiffs personally participated in the events of January 6, but merely requested an investigation into their involvement, Fernandez's failure to further investigate on her own was reasonable. Co-signing a letter referring to social media posts does not necessarily mean that the co-signer personally reviewed all of those social media pages. For the superior court to find that Plaintiffs' FAC and SAC necessarily implied actual malice would require reliance on hypothetical facts; speculation to this end would be improper. Plaintiff's claim was meritless, and the court properly granted Fernandez's motion to dismiss.

**¶18** However, even though Fernandez rightly prevailed on her First Amendment defenses, victory on the merits of a claim is not dispositive on whether fees should be awarded under A.R.S. § 12–349.

*Richer*, 257 Ariz. at 216 ¶ 15. Under *Richer*, a meritless claim is not necessarily groundless if "fairly debatable." At oral argument the superior court questioned whether dismissal for failure to state a claim was appropriate given the "enormity" of the factual disputes. As the court noted, these issues were "very factually disputed," indicating the need for further examination. *See Johnson*, 206 Ariz. at 335 ¶ 19 (holding that a claim requiring "considerable examination" is "fairly debatable"). Although the Plaintiffs' claim was meritless, the level of examination required to determine that indicates that it was "fairly debatable" under the minimal standard set by A.R.S. § 12–349. *Richer*, 257 Ariz. at 216 ¶ 15.

**¶19**        Because we find the claim is "fairly debatable" and thus not groundless, we need not address good faith. *See Richer*, 257 at 220 ¶ 34 ("A fees award under § 12-349(A)(1) requires groundlessness *and* the absence of good faith.").

## CONCLUSION

**¶20**        For the foregoing reasons, we reverse. Fernandez requests her attorney's fees on appeal under A.R.S. § 12–349. We deny her request because Plaintiffs' appeal of the superior court's fee award was successful and therefore not brought "without substantial justification." A.R.S. § 12–349; *see Hunt Inv. Co. v. Eliot*, 154 Ariz. 357, 363 (App. 1987). Plaintiffs request their costs on appeal under Arizona Rule of Civil Appellate Procedure 21, A.R.S. §§ 12–341 and –342(A). Because Plaintiffs are the prevailing party, we award their costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21. *See* A.R.S. § 12-341.



AMY M. WOOD • Clerk of the Court
FILED:         JR