NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STEPHANIE STEPHENS, *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA, et al., *Defendants/Appellees*.

No. 1 CA-CV 24-0309

FILED 02-27-2025

Appeal from the Superior Court in Maricopa County
No. CV2022-092486
The Honorable Rodrick J. Coffey, Judge

**REVERSED AND REMANDED**

COUNSEL

Keith M. Knowlton LLC, Chandler
By Keith M. Knowlton
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Rebecca A. Banes, Julie M. Rhodes, Deborah Garner
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Anni Hill Foster and Judge Michael J. Brown joined.

---

**McMURDIE**, Judge:

**¶1** Stephanie Stephens ("Mother") appeals the dismissal of her claim against the Department of Child Safety employees for pursuing a dependency action while consciously disregarding and concealing family-court rulings that directly undermined the case. We hold Mother's allegations were sufficient to permit her the opportunity to prove her claim for the wrongful institution of civil proceedings. Thus, we reverse the pleading-stage dismissal and remand for further proceedings.

## FACTS[1] AND PROCEDURAL BACKGROUND

**¶2** In April 2020, the Department began a juvenile-court action by which it obtained custody of Mother's children and a dependency adjudication based on a Department Declarant's allegations that Mother failed to protect the children from her boyfriend's abuse. Mother disputed the abuse allegations and asserted the children's father ("Father") coached and manipulated them. The Department's Declarant acknowledged that the children appeared coached to lie during pre-removal visits and that the possibility of Father coaching them had crossed her mind. Still, the Department never forensically interviewed the children. The Declarant also acknowledged the lack of evidence for an allegation of inappropriate touching by Mother's boyfriend preceding a temporary-custody order for Father and for Father's allegations that Mother and her boyfriend had stalked and threatened him. But the Declarant knew of and did *not* disclose the following family-court history: (1) ten months before the Department's first filing, the family court personally interviewed the children about allegations of abuse by Mother's boyfriend and found their statements not credible; (2) two months before the first filing, the family court entered temporary orders based on findings that Father had largely managed to alienate the children from Mother, causing them to disrespect her and

---

[1] We assume the truth of all well-pled allegations and all reasonable inferences from them. *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012).

refuse parenting time; (3) a little more than a week before the first filing, the family court gave Mother custody; and (4) Father then absconded with the children.

**¶3** This court affirmed the dependency on appeal. But around the same time, the children admitted to a new case worker that Father coached them to make up the abuse allegations. As a result, the juvenile court terminated the dependency. It vacated the dependency findings, explaining it "certainly would not have" found a dependency on the record at the hearing "without the problems created by Father encouraging the children to falsely accuse Mother's boyfriend of abuse."

**¶4** Mother then brought this civil action, claiming wrongful institution of civil proceedings against the Department's Declarant and other employees involved in the juvenile-court proceedings.[2] The defendants moved to dismiss for failure to state a claim. The superior court granted the motion based on the juvenile court's failure to vacate its initial finding that the Department had probable cause to take custody of the children. The court then denied Mother's motion for a new trial. She appealed. We have jurisdiction under Arizona Revised Statutes § 12-2101(A)(1).

## DISCUSSION

**¶5** We review an order granting dismissal for failure to state a claim *de novo*, only affirming if the plaintiff would not be entitled to relief under any interpretation of the facts susceptible of proof.[3] *Coleman v. City of Mesa*, 230 Ariz. 352, 355-56, ¶¶ 7-8 (2012). We do not resolve factual disputes but assess whether the plaintiff's allegations and reasonable inferences arising from them are enough to allow the plaintiff "to attempt to prove [the] case." *Id.* at 356, 363, ¶¶ 9, 46. Dismissals are disfavored and should be upheld only when "it appears certain that the plaintiff would not be entitled to relief under any state of facts susceptible of proof." *State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 594 (1983) (quotation omitted). Such liberal

---

[2] Mother also asserted other claims not at issue.

[3] The parties provided several exhibits in connection with the motion to dismiss, at least one of which was extrinsic to Mother's pleading. But that document did not convert the motion to one for summary judgment because the court did not rely on it. *See Belen Loan Investors, LLC v. Bradley*, 231 Ariz. 448, 452-53, ¶¶ 6-7 (App. 2012).

construction of the complaint serves the law's "primary objective . . . [of] obtain[ing] a determination of the merits of any claim" by trial "on the proofs rather than the pleadings." *Long v. Ariz. Portland Cement Co.*, 89 Ariz. 366, 369 (1961).

¶6          To state a claim for wrongful institution of civil proceedings, the plaintiff must allege "that the defendant (1) instituted a civil action which was (2) motivated by malice, (3) begun [or maintained] without probable cause, (4) terminated in plaintiff's favor and (5) damaged plaintiff." *Chalpin v. Snyder*, 220 Ariz. 413, 419, ¶ 20 (App. 2008) (quotation omitted). The only questions on appeal are whether probable cause was absent and Mother sufficiently alleged malice. Whether a wrongful-institution defendant acted without probable cause is a question of law involving objective and subjective inquiries. *Bradshaw v. State Farm Mut. Auto. Ins. Co.*, 157 Ariz. 411, 417 (1988); *Carroll v. Kalar*, 112 Ariz. 595, 596, 598-99 (1976). The plaintiff must show that the defendant neither honestly nor reasonably believed he or she had a "good chance" of prevailing. *Chalpin*, 220 Ariz. at 419-21, 423, ¶¶ 21, 24, 31-32, 38. When this is shown, malice may be inferred. *See Cullison v. City of Peoria*, 120 Ariz. 165, 169 (1978).

¶7          To start, we reject the superior court's reasoning that Mother's claim was precluded by the juvenile court's failure to vacate its initial finding of probable cause for the Department to take custody. That finding was not at issue in the proceeding to vacate the dependency finding, so we ascribe no significance to the court's failure to address it. We also note that this preliminary finding was based on the same allegations as the vacated findings, that at least one of the defendants knew about the relevant family-court rulings when custody was sought, that all the defendants knew about them by the time of the dependency adjudication, and that wrongful-institution claims may be brought when an action is initiated *or* continued without probable cause. *See Chalpin*, 220 Ariz. at 419-20, ¶ 20.

¶8          We hold Mother sufficiently alleged the defendants acted without probable cause and with malice. As the defendants point out, probable cause does not require certainty—it requires only an honest and reasonable belief of a "good chance" of success. *See Chalpin*, 220 Ariz. at 419-21, 423, ¶¶ 21, 24, 31-32, 38; *see also State v. Sisco*, 239 Ariz. 532, 553, ¶ 15 (2016) (Probable cause in criminal cases may often depend on innocent behavior because the showing required is "only a probability or substantial chance of criminal activity, not an actual showing of such activity." (quotation omitted)). In other words, facts casting doubt on a case's merits

are not necessarily dispositive—so long as other facts support the merits, probable cause may exist.

**¶9** Here, however, our analysis is confined to Mother's pleading, which only states that the defendants pursued the juvenile-court case based on abuse allegations that recent family-court rulings directly undermined. Contrary to the defendants' contentions, this was not a case in which Mother alleged facts creating a "mere suspicion" or "warning" that the children were lying about the abuse—nor was it a case in which whether the children were coached was fairly litigated. Instead, Mother's allegations showed that the defendants acted with conscious disregard for relevant judicial determinations and that they concealed the same. This was sufficient to plead malice and the lack of objective and subjective probable cause.

**¶10** The superior court erred by dismissing Mother's claim for wrongful institution of civil proceedings at the pleading stage. We express no opinion on whether Mother ultimately should prevail.

## CONCLUSION

**¶11** We reverse the dismissal of Mother's claim for wrongful institution of civil proceedings and remand for further proceedings.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR

5